Joseph M. KOWALEVIOCZ,
Plaintiff–Appellant,

LOCAL 333 OF THE INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, an unincorporated association; Edward Howell, Defendants–Appellees,

and

Garris S. McFadden, Defendant.

No. 90–2501.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1991.

Decided Aug. 14, 1991.

---

James S. Ruckle, Jr., argued, for plaintiff-appellant; (James L. Prichard, on brief) Baltimore, Md.

Joel A. Smith, Abato, Rubenstein, Abato and Smith, P.A., argued, Lutherville, Md., for defendants appellees; (Robert Fulton Dashiell, David Epstein, Wartzman, Omansky, Blibaum and Simons, P.A., on brief), Baltimore, Md., for appellee Howell.

Before ERVIN, Chief Judge, HILTON, District Judge for the Eastern District of Virginia, sitting by designation, and HALLANAN, District Judge for the Southern District of West Virginia, sitting by designation.

## OPINION

ERVIN, Chief Judge:

Union member Joseph M. Kowaleviocz appeals a fine and 10–year suspension from union membership imposed on him by the general membership of Local 333, International Longshoremen's Association (AFL–CIO) ("Local 333" or "union"). The penalty stems from a charge that Kowaleviocz used profanity toward a union officer at a union meeting and on the docks. The district court granted summary judgment to the union on the union's claim that federal jurisdiction was lacking by virtue of Kowaleviocz's failure to exhaust internal union remedies before filing his appeal in federal district court. Finding that the union's illegal disciplinary action in violation of Kowaleviocz's free speech rights rendered the exhaustion requirement unnecessary, we reverse and remand this case to the

district court with instructions to take jurisdiction.

## I.

Since September 1984, Maryland longshoreman Joseph Kowaleviocz and Local 333 officer Garris McFadden had engaged in a long-running dispute concerning the propriety of an increase in local union dues that McFadden had proposed and secured. Kowaleviocz also became involved in an attempt to secure from McFadden the payment of wages to Local 333's recording secretary. As a result of these controversies, a number of hostile interchanges between Kowaleviocz and McFadden occurred in union meetings throughout 1984. These culminated in a December 6, 1984 motion by McFadden, approved by the membership, to fine Kowaleviocz $100 and suspend him for 10 years from all rights and privileges except work. Kowaleviocz appealed this action to the union's Baltimore District Council. Having been advised by union counsel that Kowaleviocz had been denied due process and that the penalties imposed were too harsh for the offense, the District Council overturned the disciplinary action against Kowaleviocz.

In January 1985, McFadden filed charges with the union's Executive Board against Kowaleviocz for alleged profanity directed toward McFadden during the District Council appeal and on the docks. The Executive Board heard these charges and dismissed them on July 24, 1985.

On August 6, 1985, at a general membership meeting, McFadden orally appealed the Executive Board's dismissal of the charges against Kowaleviocz to the membership present. Kowaleviocz was present at the meeting but had received no prior notice that McFadden planned to appeal the Executive Board's dismissal of the charges against him. The membership voted to reverse the Executive Board's decision, determining that Kowaleviocz was guilty of the charges McFadden had made against him. Kowaleviocz's objections to the taking of

the vote were rejected by Local 333's president, Edward Howell. No vote was taken for the imposition of a penalty. Kowaleviocz did not receive an official written notice from the union that he was fined $100 and suspended for 10 years until September 10, 1985.

The union's constitution provides that all appeals shall be made within 30 days after the rendition of the decision from which the appeal is taken. Kowaleviocz filed his appeal on October 4, 1985—within 30 days of his receipt of official notice of his penalty, but almost two months after the August 6 general membership meeting. The union rejected Kowaleviocz's appeal as having been untimely filed.

Kowaleviocz then filed an action in the United States District Court for the District of Maryland against Local 333, McFadden, and Howell for violation of his rights and privileges under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 401 *et seq.*, specifically Sections 411(a)(2), 411(a)(5), 412, and 529.[1] Local 333 responded with a motion for summary judgment, on the basis that under Section 411(a)(4) federal jurisdiction was lacking because Kowaleviocz had failed to exhaust internal union remedies regarding the disciplinary action taken against him. Kowaleviocz filed an opposition to the motion requesting the district court to excuse the exhaustion requirement while claiming that he had, in fact, exhausted his remedies by filing a timely appeal of the disciplinary action.

The district court granted the union's motion for summary judgment. The court determined that Kowaleviocz had failed to exhaust internal remedies and that such failure was not excusable by reason of either illegal union action or protection of Kowaleviocz's free speech rights. Kowaleviocz then filed a motion to alter or amend the district court's judgment, asserting that the granting of summary judgment was improper because genuine issues of material fact existed concerning the timeli-

---

1. Kowaleviocz also included a state law claim for tortious interference with contract rights against McFadden and Howell. On the totality of his claims Kowaleviocz sought injunctive relief and compensatory and punitive damages.

ness of his appeal and the legality of the union's conduct. The district court denied this motion and sent the matter to arbitration. Kowaleviocz now appeals.

## II.

We review summary judgments on appeal *de novo*, reviewing the record under the same standards as were employed by the district court. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), *cert. denied,* — U.S. —, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All factual contentions are to be considered in the light most favorable to the non-moving party, who is to be given the benefit of all favorable legal theories invoked by the evidence as considered. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985) (citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979). Where facts specifically averred by the nonmovant contradict facts specifically averred by the movant, the motion must be denied. *Lujan v. National Wildlife Federation,* — U.S. —, —, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695, 716 (1990).

## III.

This appeal is grounded in Subchapter II of the LMRDA, which is entitled the Bill of Rights of Members of Labor Organizations. This portion of the LMRDA was designed to protect the rights of union members to discuss freely and criticize the management of their unions and the conduct of their officers. *Salzhandler v. Caputo,* 316 F.2d 445, 448–49 (2d Cir.), *cert. denied,* 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963). To further that goal, the statute attempts to ensure procedural due process to members subjected to union discipline and to provide for democratic processes in the conduct of union affairs. *Maxwell v. United Auto, Aerospace & Agricultural Implement Workers of America, Local 1306,* 489 F.Supp. 745, 748 (C.D.Ill.1980) (citing *NLRB v. Allis–Chal-*

*mers Mfg. Co.,* 388 U.S. 175, 194, 87 S.Ct. 2001, 2013, 18 L.Ed.2d 1123, 1135–36 (1967)).

Section 411 enumerates specific rights which every member of any labor organization shall have, including the rights to meet and assemble freely with other members and to express any views, arguments, or opinions. 29 U.S.C.A. § 411(a)(2) (West 1985). By provision of Section 412, any worker whose rights under the Bill of Rights of union membership have been infringed may file a civil action in federal court. 29 U.S.C.A. § 412 (West 1985). Section 411(a)(4) stipulates that the labor organization shall not infringe any member's right to pursue such an action, but adds that the labor organization may require that members exhaust reasonable internal hearing procedures prior to instituting an action in federal court. 29 U.S.C.A. § 411(a)(4) (West 1985).

It is well established, however, that the exhaustion provision of Section 411(a)(4) is not mandatory, and that the statute leaves the ultimate decision whether to require exhaustion in a particular case to the sound discretion of the courts. *See, e.g., Detroy v. Am. Guild of Variety Artists,* 286 F.2d 75, 78 (2d Cir.), *cert. denied,* 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961); *Rollison v. Hotel, Motel, Restaurant & Constr. Camp Employees, Local 879,* 677 F.2d 741, 745 (9th Cir. 1982). If the court determines that the disciplinary action taken by the union against a member was indisputably illegal or "void," the failure to exhaust administrative remedies will be excused. *Keeffe Bros. v. Teamsters Local Union No. 592,* 562 F.2d 298, 303 (4th Cir.1977) (citing *Simmons v. Avisco, Local 713,* 350 F.2d 1012, 1016 (4th Cir.1965)); *Maxwell, supra,* 489 F.Supp. at 749 (holding that voidness, alone, justifies not requiring further exhaustion). A union's action is void where it constitutes "proceedings where no proper notice was given, where the tribunal was biased, where the offense charged was not one specified in the union constitution, or where there have been other substantial jurisdictional defects or a lack of funda-

mental fairness." *Simmons, supra*, 350 F.2d at 1016–17. Voidness is found in a particular case when conceded or easily determined facts show a serious violation of the member's rights. *Id.* at 1017.

■ The copy of the union's constitution and by-laws which Kowaleviocz submitted to the district court in opposition to the union's summary judgment motion is, standing alone, sufficient to show that the union's action through McFadden in orally appealing the Executive Board's decision to the general membership without proper notice to Kowaleviocz was illegal and therefore void for exhaustion purposes.

Article XV Section 5 of Local 333's by-laws provides that appeals from the decision of the Executive Board may be taken in accordance with the union's constitution. That constitution requires the following:

> All appeals shall be *in writing,* shall contain a brief statement of the facts and the grounds for the appeal and shall be filed with the secretary of the body to which they are addressed within thirty days, or such longer period as such body may permit, after the rendition of the decision from which the appeal is taken. The secretary with whom the appeal is filed shall promptly *transmit copies thereof,* together with a *notice of the date of hearing* thereon, ... *to the parties to the appeal.*

International Longshoremen's Assoc. Const. art. XIX § 3 (1979) (emphasis added). This provision applies to *all* appeals, including those of an action of the Executive Board of a local union to a membership meeting of that local union. *Id.*, art. XIX § 1(b).

If, as the union alleges, Kowaleviocz's internal appeal was indeed untimely filed,

such procedural failure can hardly be sufficient to overcome the fact that McFadden's appeal of the Executive Board's dismissal of charges against Kowaleviocz was clearly a substantive violation of Article XIX Section 3 of the union constitution. First, the appeal was oral and not in writing as the union constitution explicitly requires. Second, Kowaleviocz did not receive written notice from the secretary of the Local specifying the "facts and the grounds for the appeal." Further, the omission of notice to Kowaleviocz violated Section 411(a)(5) of the LMRDA, which provides that no member of any labor organization may be fined, suspended, or otherwise disciplined unless he has been served with written specific charges, given a reasonable time to prepare his defense, and afforded a full and fair hearing. 29 U.S.C.A. § 411(a)(5) (West 1985).

■ The district court held that this was not the kind of void union action which is so *ultra vires* as to constitute "indisputably illegal" union conduct excusing failure to exhaust. Our precedent, however, refutes this conclusion in no uncertain terms. We have held that proceedings where no proper notice was given constitute union action that is void. *Keeffe, supra,* 562 F.2d at 303; *Simmons, supra,* 350 F.2d at 1016–17.[2] Moreover, it is clear that exhaustion of intra-union remedies is excused when conceded or easily determined facts show a serious violation of the plaintiff's rights. *See, e.g., Simmons, supra,* 350 F.2d at 1017; *Keeffe, supra,* 562 F.2d at 303; *Wiglesworth v. Teamsters Local Union No. 592,* 552 F.2d 1027, 1030 (4th Cir. 1976), *cert. denied,* 431 U.S. 955, 97 S.Ct. 2676, 53 L.Ed.2d 271 (1977) (citing *Libutti v. DiBrizzi,* 337 F.2d 216, 219 (2d Cir. 1964).[3] In this case, easily determinable

---

**2.** Local 333 claims that Kowaleviocz had the required notice because the charges that were considered by the union's membership were the same charges originally filed on January 29, 1985 and heard by the Executive Board on July 24, 1985. This is irrelevant to the fact that Kowaleviocz did not have notice that the same charges were going to be appealed before the general membership on August 6, 1985. The union may not assume that a member is aware of his wrongdoing and that therefore he need

not be served with charges specifying such wrongdoing. *Eisman v. Baltimore Regional Joint Board of Amalgamated Clothing Workers of America,* 352 F.Supp. 429, 435 (D.Md.1972).

**3.** *Wiglesworth,* cited by Local 333 for its holding that the plaintiff in that case should have been required to exhaust intra-union remedies, does not control this case because the court there found that the facts necessary to show a serious violation of the plaintiff's rights were neither

facts concerning the substance of the charge against Kowaleviocz indicate that the disciplinary action was in violation of Section 411(a)(2), which guarantees union members the right to freely express their views and opinions. *See Keeffe, supra* (court rejected union's failure-to-exhaust argument where it was obvious that union acted to penalize member for exercise of right of free speech).

 The district court found that Kowaleviocz's speech did not constitute the expression of an opinion or view, characterizing it instead as profanity directed personally against McFadden. Yet it is undisputed that, regardless of any personal animosity between the men, Kowaleviocz had a history of opposition to certain official actions taken by McFadden. The union itself described the speech at issue as an "assault on the institution of the presidency and the district council." The speech as charged occurred not only at the docks but at the meeting of the District Council concerning the appeal of the penalty that had been imposed on Kowaleviocz in December 1984. Thus, the speech is protected by Section 411(a)(2) as an expression "at meetings of the labor organization" of "[the union member's] views ... upon any business properly before the meeting." 29 U.S.C.A. § 411(a)(2) (West 1985). Disciplinary action instituted to inhibit criticism of local union leadership constitutes a serious violation of a union member's rights. *Bradford v. TWA Local 1093*, 563 F.2d 1138, 1141 (4th Cir.1977); *Maxwell, supra*, 489 F.Supp. at 749.

The fact that Kowaleviocz's speech was offensive to McFadden and to the district court does not remove it from the protection of the LMRDA. The law is explicit that Section 411(a)(2) protects the conduct of union members, no matter how offensive that conduct may be to other union members. *See, e.g., Rollison, supra*, 677 F.2d at 746 (affirming grant of summary judgment for union member in charges involv-

ing use of obscene language toward union officers); *Keeffe, supra*, 562 F.2d at 304; *Salzhandler, supra*, 316 F.2d at 451 (holding that LMRDA protects allegedly libellous statements).

The union's actions in this case are unquestionably void. If Kowaleviocz failed to exhaust intra-union remedies, such failure must be excused. Because the granting of summary judgment to the union was inappropriate, we reverse the district court's action and remand this case to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

conceded nor easily determinable, and that the consideration of the conflicting evidence would require substantial commitment of judicial resources and an excursion by the court into internal union procedures. 552 F.2d at 1030.

Moreover, it would be difficult to show a serious violation of that plaintiff's rights whatever the evidence, when the plaintiff was neither expelled nor suspended.