Peter T. PREVAS, Plaintiff,

v.

James T. HOPKINS, Jr., et al., Defendants.

Civ. A. No. AMD 95–605.

United States District Court, D. Maryland.

Nov. 15, 1995.

Peter A. Prevas, Baltimore, MD, for plaintiff.

W. Michael Pierson, Baltimore, MD, Ernest Allen Cohen, Calle De Los Seris, Tucson, AZ, Andrew Janquitto, Towson, MD, James R. Klimaski, Washington, D.C., David E. Manoogian, Washington, D.C., for defendants.

## MEMORANDUM OPINION

DAVIS, District Judge.

Plaintiff, Peter T. Prevas ("Prevas"), an active member of the International Organization of Masters, Mates and Pilots ("IOMMP"), a labor union for workers in the maritime industry, instituted this action against IOMMP, James T. Hopkins, Timothy A. Brown, Robert Darley, Paul Nielson, Arthur Holdeman (collectively, the "IOMMP defendants"),[1] and Checkmate Investigative Services, Inc. ("Checkmate"), alleging invasion of privacy, negligence, and civil conspiracy.[2] Pending before this Court are various motions filed by the parties. The issues presented have been fully briefed and no hearing is deemed necessary. See Local Rule 105.6 (D.Md.1995). For the reasons set forth herein, the Court shall dismiss without prejudice all claims against the IOMMP defendants because Prevas has failed to exhaust internal union remedies. All claims against Checkmate shall be remanded to state court for lack of federal jurisdiction.

### I. Facts and Procedural History

In January 1995, Prevas instituted this action in state court, alleging that the IOMMP defendants conspired among themselves and with Checkmate to conduct surveillance on him because he disagreed with the policies and financial practices of Hopkins and Brown in their management of union affairs. Prevas also alleged that the IOMMP defendants, particularly Hopkins and Brown, disclosed confidential information to Checkmate regarding his income and his social security number in violation of the IOMMP constitution. In March 1995, the IOMMP defendants removed the case to federal court on the basis that section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempted all of Prevas's claims which relied upon alleged violations of the IOMMP constitution.

Prior to the removal, Checkmate had filed a motion for summary judgment on all claims, pursuant to Maryland Rule 2–501. After the IOMMP defendants removed the case to federal court, Prevas filed a motion to strike Checkmate's summary judgment motion for failure to certify a copy of the motion to Prevas. See Fed.R.Civ.P. 5; Maryland Rule 1–321(a). Prevas also opposed Checkmate's summary judgment motion, arguing that "summary judgment would be inappropriate at this time under Fed.R.Civ.P. 56(f) since Checkmate's involvement in surveillance upon Prevas is exclusively within the knowledge of Checkmate and the other Defendants involved...." Pl.'s Mot. to Strike and Resp.Mot.Summ.J. As part of its opposition to Prevas's motion to strike, Checkmate re-filed the motion for summary judgment and argued that the Court should deny Prevas's motion to strike as moot. Prevas again responded to Checkmate's motion for summary judgment and included several affidavits of IOMMP employees. Those employees asserted that Hopkins and Brown hired Checkmate to conduct surveillance of Prevas. Checkmate then filed a motion to strike the IOMMP employees' affidavits on the ground that the information contained therein is not based on personal knowledge.

---

**1.** James T. Hopkins is the Secretary/Treasurer of IOMMP; Timothy A. Brown is the President of IOMMP; Robert Darley is the Vice President of the Atlantic ports; Paul Nielsen is the Vice President of the Pacific ports; and Arthur Holdeman is the Vice President of the Gulf ports.

**2.** This case was originally filed in the Circuit Court for Baltimore City. Pursuant to 28 U.S.C. § 1441(b), the IOMMP defendants removed the case to federal court claiming that, because plaintiff based his claims on the IOMMP constitution, the case arises under section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).

In the Complaint, Prevas alleges one count of invasion of privacy and one count of civil conspiracy against all defendants. An additional count of invasion of privacy and one count of negligence are specifically alleged against Hopkins, Brown and IOMMP.

In the meantime, the IOMMP defendants, with the exception of Holdeman,[3] filed with this Court a motion to dismiss or for summary judgment. The motion to dismiss is based on Prevas's failure to exhaust internal union remedies before instituting the suit as required by the IOMMP constitution and the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.* Prevas, however, argues that section 101(a)(4) of LMRDA, 29 U.S.C. § 411(a)(4), is not applicable to state common law claims for invasion of privacy, negligence and civil conspiracy. Prevas argues in the alternative that even if LMRDA is applicable this Court should not require exhaustion of internal union remedies because adherence to union procedures would be futile. Defendants Darley and Nielsen have filed a reply separate from the remaining IOMMP defendants (Hopkins, Brown and IOMMP), arguing that they were not involved in any investigation of Prevas, and alternatively that the investigation conducted by Checkmate was merely a public record search. Except for its consideration of the union constitution, as to the terms of which there is no dispute, the Court will not consider matters outside the pleadings, and shall treat the alternative motion filed by the IOMMP defendants as a motion to dismiss.

## II. Discussion

### A. Jurisdiction

■ Prevas has not filed a motion to remand this action to state court, but he has intimated in his papers that his artfully pled complaint avoids the preemptive force of § 301(a) of LMRA, and that therefore this Court lacks removal jurisdiction. The IOMMP defendants contend that the IOMMP constitution is "a contract between labor union organizations," and that "because plaintiff bases his action [at least in part] on the union constitution, this action necessarily arises under LMRA section 301," and thus all of plaintiff's state law claims are preempted.

Section 301(a) of LMRA provides exclusive federal jurisdiction for "suits [alleging] violation of contracts between an employer and a labor organization" or "between any such labor organizations." 29 U.S.C. § 185(a). The Supreme Court has held that a union constitution is a "contract" under LMRA, and that an action formally denominated a common law claim by an individual union member against his or her own union may be encompassed by the preemptive effect of § 301(a). *Wooddell v. Electrical Workers,* 502 U.S. 93, 97–103, 112 S.Ct. 494, 498–500, 116 L.Ed.2d 419 (1991). As the discussion *infra* pp. 275–276 shows, the gravamen of Prevas's complaint falls squarely within a core of activities for which federal labor policy extends important protection to union members. Accordingly, this Court concludes that federal question jurisdiction supports the removal of this action to this Court because Prevas's claims, resting in part upon his union's constitution, however they may be denominated, are federal claims.

### B. IOMMP Defendants' Motion to Dismiss or for Summary Judgment

The IOMMP defendants argue that the Court lacks subject matter jurisdiction over this case (notwithstanding its proper removal from state court) because Prevas has failed to exhaust internal remedies as required by the IOMMP constitution and section 101(a)(4) of LMRDA, 29 U.S.C. § 411(a)(4).

The IOMMP constitution generally requires exhaustion of internal union remedies. Article III, section 4(d) of the constitution provides:

> Every member shall have the right to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the Organization or its Officers are named as defendants or respondents in such action or proceeding.

> Further, every member shall have the unlimited right to appear as a witness in any

---

**3.** Holdeman has filed only an Answer to the complaint. Holdeman did not join the other IOMMP defendants in the motion to dismiss or for summary judgment. However, because the Court concludes that exhaustion of union griev-

ance procedures should be required, the claims against Holdeman, identical in all material respects to the claims against the other IOMMP defendants, shall also be dismissed without prejudice.

judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator.

However, every member shall be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within the Organization before instituting legal or administrative proceedings against the Organization or any Officer thereof.

The exhaustion provision of the IOMMP constitution parallels the exhaustion provision permitted under LMRDA.[4]

■ Despite the above-quoted language, "[i]t is well established ... that the exhaustion provision of [LMRDA] is not mandatory, and that the statute leaves the ultimate decision whether to require exhaustion in a particular case to the sound discretion of the courts." *Kowaleviocz v. Local 333*, 942 F.2d 285, 288 (4th Cir.1991). *See also NLRB v. Industrial Union of Marine & Shipbuilding Workers*, 391 U.S. 418, 425, 88 S.Ct. 1717, 1722, 20 L.Ed.2d 706 (1968); *Eisman v. Baltimore Regional Joint Bd. of Amal. Clothing Workers*, 352 F.Supp. 429, 432 n. 1 (D.Md. 1972) *aff'd* 496 F.2d 1313 (4th Cir.1974); *Simmons v. Avisco, Local 713, Textile Workers Union*, 350 F.2d 1012, 1016 (4th Cir. 1965).

■ Prevas argues broadly that the exhaustion requirement in section 101 and the

IOMMP constitution is not applicable to state common law claims for invasion of privacy, negligence and civil conspiracy. This argument is without merit. Section 101 of LMRDA was "designed to protect rights of union members to discuss freely and criticize the management of their unions and the conduct of their officers." *Kowaleviocz*, 942 F.2d at 288. It also attempts "to ensure procedural due process to [union] members ... and to provide for democratic processes in the conduct of union affairs." *Id.* The exhaustion requirement in section 101 encourages unions to resolve internal union affairs. *See Holmes v. Donovan*, 984 F.2d 732, 738 (6th Cir.1993).

In the instant case, although Prevas has framed his claims as state common law causes of action, the allegations of Prevas's complaint have a close nexus to, and indeed it is manifest that the claims arise directly out of, internal union disputes. Over the past several years, Prevas has expressed his disagreement with the management and the policies of IOMMP under the leadership of Hopkins and Brown. Prevas alleges that the IOMMP defendants, especially Hopkins and Brown, violated the IOMMP constitution by taking actions that were designed to intimidate and silence him.[5]

Thus, this case seems to be particularly well-suited for resolution through internal union procedures, at least as a precursor to

---

**4.** Section 101(a)(4) of LMRDA, 29 U.S.C. § 411(a)(4), provides:

No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding.... *Provided*, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceeding against such organization or any officer thereof....

**5.** Prevas alleges that he was formerly a member of the internal union clique or informal association organized and maintained by and among the individual defendants ("The Coalition for New Directions"). Clearly, the thrust of the allegations set forth in the complaint is that defendants' alleged tortious actions against Prevas

arose from a parting of the ways between Prevas and those defendants in respect to union governance matters. Moreover, Prevas alleges that the defendants used union funds—including some of Prevas's payments to the union—to conduct their activities toward him. Prevas further alleges that implied threats of physical harm directed at him caused him to retire as a seaman. It is indisputable, in light of these allegations, that the claims in this case arise within the context of, and are intimately related to disagreements over, matters of internal union governance. Moreover, to the extent that Prevas's coerced retirement constituted "punishment" for his views and actions, his claims fit nicely within the orthodox paradigm of actions under LMRA and LMRDA. *See generally Pruitt v. Carpenters' Local Union No. 225*, 893 F.2d 1216, 1218–19 (11th Cir.1990); *DeSantiago v. Laborers Int'l Union, Local 1140*, 914 F.2d 125, 128 (8th Cir. 1990); *Lewis v. International Bhd. of Teamsters, Local Union No. 771*, 826 F.2d 1310, 1312 (3d Cir.1987); *Kinney v. International Bhd. of Elec. Workers*, 669 F.2d 1222, 1229 (9th Cir.1982).

judicial adjudication. *See Clayton v. International Union, UAW,* 451 U.S. 679, 688, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981). This conclusion is consistent with *Wiglesworth v. Teamsters Local Union No. 592,* 552 F.2d 1027 (4th Cir.1976). In *Wiglesworth,* the plaintiff alleged that the president of the union prevented him from exercising his freedom of speech, refused to give him information on the union's financial affairs, and refused to inform union members of their federal rights. The Fourth Circuit, reversing the district court, held that the union deserved an opportunity to redress a member's grievance. The Court observed: "The possibility that corrective action within the union will render a member's complaint moot suggests that, in the interest of conserving judicial resources, no court step in before the union is given its opportunity." *Id.* at 1029 (quoting *Detroy v. American Guild of Variety Artists,* 286 F.2d 75, 79 (2d Cir.1961)). The Court in *Wiglesworth* held that the plaintiff was required to exhaust internal union remedies before seeking redress in federal court. *Id.* at 1032. This Court finds *Wiglesworth* instructive here.

■ Nevertheless, Prevas argues, even if the exhaustion requirement of section 101 is applicable, this Court should not require exhaustion because internal union procedures would be futile. Prevas claims that as a result of his dispute with the officers of IOMMP, he would not be able to obtain a fair hearing. Prevas also asserts that IOMMP procedures cannot afford him any satisfactory remedy. The Court is not persuaded by Prevas's "futility" argument.

In *Kowaleviocz,* 942 F.2d at 285, the Fourth Circuit excused the plaintiff's failure to exhaust internal union remedies. There, the Court held that where a district court determines that a union's action is "indisputedly wrong or void," a union member is not required to exhaust union remedies. The Court stated that "a union's action is void where it constitutes proceedings where no proper notice was given, where the tribunal was biased, where the offense charged was not one specified in the union constitution, or where there have been other substantial jurisdictional defects or a lack of fundamental fairness." 942 F.2d at 288–29 (quoting *Simmons v. Avisco, Local 713,* 350 F.2d 1012, 1016–17 (4th Cir.1965)); *see also Keeffe Bros. v. Teamsters Local Union No. 592,* 562 F.2d 298, 303 (4th Cir.1977). The present case clearly does not present such circumstances; on the contrary, the union (including the rank and file membership) has a keen interest in getting to the truth about, and in redressing the kind of dishonest, *ultra vires* actions allegedly engaged in by its officers as depicted in the instant complaint. If Prevas's allegations are true, and certainly they are presumed to be true for purposes of this motion, then the union deserves an opportunity to protect other members from the kind of harm that has befallen Prevas. It is not clear that the rank and file member will even learn of this dispute if it is heard entirely in federal court without first being handled through internal union processes.[6]

Prevas's contention that IOMMP's grievance procedures would afford him neither a fair hearing nor an adequate remedy is speculative and unsupported. Prevas has not presented to this Court any evidence to suggest that he would not receive a full and fair hearing. *See Wiglesworth,* 552 F.2d at 1031; *see also Lynn v. Sheet Metal Workers' Int'l Ass'n,* 804 F.2d 1472 (9th Cir.1986). For all the reasons expressed here, exhaustion shall be compelled.

**C. Checkmate's Motions**

■ The claims against Checkmate remain unresolved. An issue arises as to whether, assuming Checkmate acted as the union's agent, the nominal state law claims against Checkmate are preempted and, if so, whether an exhaustion requirement should be imposed as to those claims. This Court need not explore those issues, however, since, in the absence of an allegation of agency, the Court should regard the remaining claims as what they purport to be: common law tort

---

6. *And see Wiglesworth,* 552 F.2d at 1031 ("Democratic processes atrophy when they are not exercised; union members will have no interest in improving their organizations' internal adjust-ment procedures if they are never required to use them.") (quoting Aaron, *The Labor–Management Reporting and Disclosure Act of 1959,* 73 Harv. L.Rev. 851, 869 (1960)).

claims. Accordingly, Checkmate, a Maryland corporation with its principal place of business in Columbia, Maryland, is not diverse from Prevas, and no alternative ground of federal jurisdiction is apparent.

In determining whether to exercise supplemental jurisdiction, this Court exercises a broad discretion. *See Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir.1995); *see also* 28 U.S.C. § 1367(c)(3); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). In fact, "there are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Id.* (emphasis in original) Accordingly, this Court, in the exercise of its discretion, shall remand Prevas's claims against Checkmate to the Circuit Court for Baltimore City for further proceedings as may be deemed appropriate by that court.

### CONCLUSION

For the aforementioned reasons, this Court finds that Prevas has failed without substantial justification to exhaust internal union remedies, and therefore, in the exercise of its discretion, this Court declines to exercise jurisdiction over this case at this time. Accordingly, by separate order, the IOMMP defendants' motion to dismiss shall be granted, and all claims against the IOMMP defendants shall be dismissed without prejudice. This Court having disposed of all claims against the IOMMP defendants, all claims against Checkmate shall be remanded to the Circuit Court for Baltimore City.