INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Container Maintenance Refrigeration Repair Employees Local 1970, AFL–CIO, Plaintiffs,

v.

VIRGINIA INTERNATIONAL TERMINALS, INC., Hampton Roads Shipping Association, Ceres Marine Terminals, Inc., and Edward L. Brown, Sr., Defendants.

and

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Steamship Clerks Local 1624, AFL–CIO, Plaintiffs,

v.

HAMPTON ROADS SHIPPING ASSOCIATION, and Edward L. Brown, Sr., Defendants.

Nos. 2:95cv956, 2:95cv996.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 23, 1996.

Thomas F. Hennessy, III, SuAnne L. Hardee, Hardee & Hennessy, P.C., Chesapeake, VA, for Plaintiffs.

Thomas M. Lucas, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Defendants Virginia International Terminals, Inc., Hampton Roads Shipping Association, and Ceres Marine Terminals, Inc.

Larry W. Shelton, Goldblatt, Lipken & Cohn, P.C., Norfolk, VA, Kevin Marrinan, Gleason & Matthews, New York City, for Defendant Edward L. Brown, Sr.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

These two cases are before the court for resolution of plaintiffs' motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] On June 4, 1996, the court granted defendant Edward L. Brown's motion's for summary judgment in both cases. The court found that plaintiffs were required to exhaust their internal union remedies against Brown before bringing their statutory claim under section 501(a) of the Labor Management Reporting and Disclosure Act (LMRDA). The court further found that neither Local 1624,

nor Local 1970 had adequately pursued internal remedies prior to bringing this action. Judgment was entered June 5, 1996, on the court's order of June 4, 1996.

On June 19, 1996, plaintiffs filed the present motion asserting that the court committed errors of both law and fact and urging reversal of the summary judgment decision.[2] In the alternative, plaintiffs contend that Brown's dismissal should be without prejudice in order to permit them to pursue their action against Brown after internal avenues of relief are exhausted. Defendant Brown filed a brief in opposition on July 3, 1996. The remaining defendants (hereinafter "the Employer Defendants") also filed a brief opposing the motion on July 2, 1996. Plaintiffs' filed a joint reply brief on July 11, 1996, and the matter is now ready for decision.

### A. Standard of Review

■■■ The Fourth Circuit recently outlined the standard of review applicable to plaintiffs' motion.

> [C]ourts interpreting motions under Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). It is well-settled that a Rule 59(e) motion is not a vehicle for obtaining post judgment reargument on issues already decided. *Durkin v. Taylor,* 444 F.Supp. 879, 889–90 (E.D.Va.1977). Mere disagreement with the court's interpretation of the law is not an appropriate ground for a Rule 59(e) motion. *Hutchinson,* 994 F.2d at 1082. Where the motion asserts only an erroneous view of the law, the proper recourse is appeal. *Durkin,* 444 F.Supp. at 889.

---

1. The motion attacks judgments entered in both cases on June 5, 1996. The cases were consolidated at the initial pre-trial conference on July 2, 1996, and this order considers the challenge to both judgments together.

2. All defendants challenged the timeliness of plaintiffs' motion, arguing that the ten-day time limit provided by Rule 59(e) expired on June 18, 1996, ten days after the court's order was filed, excluding intervening Saturdays and Sundays. *See* Fed.R.Civ.P. 6(a). However, the time for filing a motion under Rule 59(e) does not begin to run until the judgment is entered. Fed.R.Civ.P. 59(e). In this case, judgment was entered on June 5, 1996, and, as a result, plaintiffs' motion is timely.

## B. Analysis

 The court first observes that the exhaustion requirement under the LMRDA is to be applied to the facts of each case in light of its purpose, which is to afford the union an opportunity to correct its own wrongs or problems before suit. *DelCostello v. International Bhd. of Teamsters,* 510 F.Supp. 716, 719, *aff'd,* 679 F.2d 879 (4th Cir.1982), *rev'd on other grounds,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). "Given that purpose the first inquiry is whether the wrong complained of is one that relates to internal union affairs. Cases arising under the LMRDA are, by definition, such matters." *Id.* In addition, the decision of whether to require exhaustion in a given case is discretionary, thus the numerous cases cited by all the parties are persuasive only to the extent that the facts under consideration mirror those in the present case. *Keeffe Bros. v. Teamsters Local 592,* 562 F.2d. 298, 303 (4th Cir.1977) ("[W]hether, under the facts of the particular case, exhaustion is excused is a matter within the informed discretion of the trial court.").

Plaintiffs contend that the court's discretionary decision to require exhaustion in this case constitutes a clear error of law. Their memorandum asserts three errors which allegedly require reversal of the court's summary judgment order. First, they contend that section 501(a) of the LMRDA, under which they proceed, does not require exhaustion of internal remedies. Next, they argue that even if exhaustion is required by the statute, it should not be required by the court because the ILA constitutional provisions upon which Brown relies do not provide for the type of relief sought in the complaint. Finally, they contend that material issues of fact preclude summary judgment because an affidavit filed by Local 1970 purportedly disputes a fact the court deemed undisputed in its earlier order.

 Plaintiffs' first two arguments seek to revisit the entire subject matter of the court's earlier ruling. Rather than offer new authority, plaintiffs simply assert for the second time that section 501(a) does not require exhaustion of intra-union remedies, and that the remedies provided by the ILA Constitution do not provide for the same relief sought in their complaint.

As indicated above, these arguments are not a proper basis for Rule 59(e) relief. Accordingly, the court declines plaintiffs' invitation to revisit the arguments which it earlier considered and rejected, in its June 4, 1996, Memorandum Opinion and Order, which first disposed of them.

 Plaintiffs' third argument for reversal of the court's summary judgment order is that the affidavit of Local 1970 president Melvin Sidwell disputed a fact which the court deemed undisputed in its memorandum opinion. Plaintiffs' contend that Sidwell created a material issue of fact regarding the futility of exhaustion by alleging that Brown refused to present a grievance submitted by Sidwell to the Local Industry Grievance Committee ("LIGC"). Sidwell's affidavit alleged that he submitted the grievance to Brown and asked him to present it to the LIGC which, according to Sidwell, was "the proper body to whom the grievances should be addressed." Aff. of Melvin Sidwell ¶ 7. Addressing this allegation in its order granting summary judgment, the court wrote:

> Local 1970 also maintains that it submitted its grievance to the LIGC, and that Brown refused to process it. Brown's undisputed affidavit, however, states that the grievance submitted was precisely the same individual grievance pending before the Contract Board. Brown Aff. ¶ 24. This type of grievance was not subject to review by the LIGC; accordingly, Brown presented it to the appropriate authority which resolved it favorably to the members' interests. Brown Aff. ¶¶ 18, 24.

Mem.Op.Order, June 4, 1996, at 17. The term "undisputed" in the quoted paragraph refers to Brown's sworn testimony that the grievance presented was precisely the same as the grievance presented to the Contract Board, and resolved favorably to the members' interests. This fact remains undisputed. Notwithstanding this admission, plaintiffs maintain that the court's conclusion that the "grievance was not subject to review by the LIGC," amounted to resolution of a disputed fact.

It is true that Sidwell attested, correctly or not, that the grievance should have been

heard by the LIGC. This fact is immaterial to the outcome of the court's decision, however, because it remains undisputed that the grievances presented were precisely the same grievances considered by the Contract Board. These complaints were made on behalf of individual members who were challenging the applicability of the new program to them as a result of their prior years of service in the industry. The grievances discussed did not even raise the complaints asserted in this action against Brown, namely that he violated the terms of the ILA Constitution in orchestrating union approval of the Apprentice Program.

A dispute about an immaterial fact does not preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party opposing summary judgment "must come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis in original). Accordingly, there is no error in the court's earlier order as a result of the "conflicting" affidavits.

▮ Plaintiffs' final contention on their motion to amend the judgment concerns the nature of Brown's dismissal. Because the matter was decided on a motion for summary judgment, Brown asserts that it was a dismissal with prejudice. Plaintiffs complain that such a dismissal would be manifestly unjust, in that it would deprive them of a judicial remedy against Brown after complying with the exhaustion requirement.

Brown originally filed his challenge to plaintiffs' complaints under Rule 12(b)(6) and Rule 12(b)(2) of the Federal Rules of Civil Procedure. At oral argument on the motion to dismiss, both parties raised factual issues regarding exhaustion of union remedies. The court ordered the parties to submit additional materials, including affidavits of the parties to determine the exhaustion issue.

All parties filed extensive documentation supporting their arguments.

Because the court considered outside materials in support of the motions, they were treated as motions for summary judgment under Rule 56.[3] Such consideration, however, does not mandate that Brown's dismissal be with prejudice.

A determination that a plaintiff has failed to exhaust required administrative remedies is effectively a finding that the court will not exercise subject matter jurisdiction over the complaint. *See Prevas v. Hopkins,* 905 F.Supp. 271, 274–75 (D.Md.1995). In such a case, the dismissal, whether on summary judgment or motion to dismiss, may be without prejudice. *Id.* at 277 (dismissing plaintiff's claim under LMRA without prejudice on defendants motion to dismiss or for summary judgment); *see also Hailey v. Commonwealth Aluminum Corp.,* 903 F.Supp. 910, 912 (D.Md.1995) (dismissing without prejudice plaintiff's ERISA claim on defendant's motion for summary judgment). Accordingly, to the extent the judgment needs modification, it is hereby **AMENDED** to reflect the court's determination that Brown's dismissal is without prejudice.

---

**3.** Rule 12(b) of the Federal Rules of Civil Procedure provides that when a court considers a 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b). Here, Brown's original motion alleged both 12(b)(6) and 12(b)(2) grounds for relief, and the court gave the parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.*