INTERNATIONAL ORGANIZATION
OF MASTERS, MATES, AND
PILOTS, Plaintiff–Appellant,

v.

Peter T. PREVAS, Defendant–Appellee.

No. 98–1503.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 28, 1999.

Decided May 11, 1999.

**ARGUED:** Andrew Janquitto, Mudd, Harrison & Burch, Towson, Maryland, for Appellant. Lawrence Edward Dube, Jr., Dube & Goodgal, P.C., Baltimore, Maryland, for Appellee.

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by published opinion. Judge MICHAEL wrote the opinion, in which Judge LUTTIG and Judge WILLIAMS joined.

## OPINION

MICHAEL, Circuit Judge:

The issue in this case is whether a union can bring a contract action for damages against a member who sued the union without first exhausting internal union remedies as provided in the union constitution. The district court held that the union cannot, and we affirm.

## I.

Peter T. Prevas was a member of the International Organization of Masters, Mates & Pilots ("MMP" or the "Union"), a labor union for maritime workers. Bad blood developed between Prevas and Union leaders, especially Timothy A. Brown, the International President, and James T. Hopkins, the International Secretary–Treasurer, and this case is one of the results. Prevas was once allied with Brown and Hopkins through The Coalition for New Directions, an informal group of MMP members. Brown became Union president in 1991,and sometime thereafter Prevas began to express sharp disagreement with the leadership and policies of Brown and Hopkins. For example, it appears that Prevas accused MMP officials of (1) covering up the embezzlement of Union funds by a printing contractor and (2) submitting a fraudulent claim to the bonding company. Prevas claims that the MMP leadership retaliated against him by placing him under surveillance and by eventually forcing him to retire from his job as a seaman.*

The conflict between Prevas and the MMP leadership has led to three lawsuits that now concern us: two by Prevas against the MMP (and its officials) and one by the MMP against Prevas.

Prevas filed the first suit in January 1995 in Maryland state court against the MMP, Brown, Hopkins, other Union officials, and a company called Checkmate Investigative Services, Inc. Prevas alleged that the MMP defendants conspired among themselves and with Checkmate to conduct surveillance on him because he disagreed with the policies of the Union leaders. Prevas also alleged that the MMP defendants, particularly Brown and Hopkins, violated the Union constitution by disclosing confidential information (Prevas's income figures and social security number) to Checkmate. Because the complaint implicated federal labor law, the case was removed to district court. In November 1995 the district court dismissed all claims against the MMP defendants on the ground that Prevas had failed to exhaust internal Union remedies. *See Prevas v. Hopkins*, 905 F.Supp. at 277.

In July 1996 Prevas sued the MMP again, this time in district court, to compel disclosure of certain Union records. The records were confidential settlement agreements between the Union and certain of its members or employees who had made tort or contract claims against the Union. Prevas contended that he was entitled to examine these records under § 201(c) of the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 431(c). The district court dismissed Prevas's second suit in April 1997, again for the reason that he had failed to exhaust internal Union remedies. *See Peter T. Prevas v. International Organization of Masters, Mates & Pilots*, Civ. No. K–96–2290 (D.Md. Apr. 30, 1997).

After the two dismissals the MMP turned the tables on Prevas by suing him in the case now before us on appeal. The MMP alleged that by twice suing the Union without exhausting internal union remedies, "Prevas breached the [MMP] constitution and the applicable federal labor law." MMP sought to recover its expenses, alleged to be $200,000, in defending Prevas's lawsuits. Prevas filed a motion to dismiss the MMP's complaint under Rule 12(b)(6), Fed.R.Civ.P. According to Prevas, the MMP failed to state a claim as a result of *NLRB v. Industrial Union of Marine and Shipbuilding Workers of America*, 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968) (holding that union could not expel member because he filed unfair labor practice charge against it without first exhausting internal remedies as provided in union constitution). The district court agreed and dismissed the MMP's complaint. The MMP appeals, and

---

* Some of this background is gleaned from *Prevas v. Hopkins*, 905 F.Supp. 271, 275 & n. 5 (D.Md.1995); and *United States v. Seidman*, 156 F.3d 542, 544–45 (4th Cir.1998).

we review the Rule 12(b)(6) dismissal *de novo, see Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997).

## II.

■ The question in this appeal is whether a union has a contract claim for damages against a member who sued the union without exhausting internal union remedies as provided in the union constitution. We believe that § 101 of the LMRDA, 29 U.S.C. § 411, precludes such a claim.

Section 101 of the LMRDA is part of the "Bill of Rights" for union members. Section 101(a)(4) expressly protects the right of union members to sue, but they "may be required" to exhaust internal union remedies first. This provision reads:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding ...: *Provided,* That any such member *may be required* to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof.

29 U.S.C. § 411(a)(4) (second emphasis added).

The MMP's constitution has a provision that parallels § 101(a)(4). The Union constitution states:

> Every member shall have the right to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the organization or its officers are named as defendants or respondents in such action or proceeding.
>
> . . . .
>
> However, every member shall be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within the organization before instituting legal or administrative proceedings against the organization or any officer thereof.

One other provision of the LMRDA, § 101(b), is pertinent: "Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect." 29 U.S.C. § 411(b).

■ The MMP argues that the exhaustion provision in the MMP constitution is entirely consistent with the exhaustion provision in the LMRDA. It is, of course, undisputed that Prevas did not exhaust internal Union remedies before he (twice) sued the MMP and its officers. The Union constitution is a contract between the Union and its members, *see United Ass'n of Journeymen and Apprentices v. Local 334, United Ass'n of Journeymen and Apprentices,* 452 U.S. 615, 620–22, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), and the MMP asserts that it is entitled to recover damages from Prevas for his breach of the exhaustion requirement of the Union constitution. Prevas responds that the Supreme Court has construed § 101(a)(4) so as to prevent a union from retaliating against a member who sues the union without first exhausting internal union remedies. *See Marine and Shipbuilding Workers,* 391 U.S. at 428, 88 S.Ct. 1717. We agree with Prevas.

The situation in *Marine and Shipbuilding Workers* is similar to this case. There, the union constitution required an aggrieved member to "exhaust all remedies and appeals within the Union ... before ... resort[ing] to any court or other tribunal outside the Union." 391 U.S. at 421, 88 S.Ct. 1717. A member nevertheless filed with the NLRB an unfair labor practice charge against the union without exhausting internal union remedies. The union expelled the member for violating the exhaustion provision, and he then filed a second charge with the NLRB,

claiming that his expulsion for filing the first charge violated federal labor law. The Board issued a remedial order directing the (former) member's reinstatement to union membership. The Third Circuit denied the Board's petition for enforcement, holding that § 101(a)(4)'s exhaustion proviso ("any such member may be required to exhaust") permitted the union to discipline a member for violating the exhaustion requirement in its constitution. *Industrial Union of Marine and Shipbuilding Workers of America v. NLRB*, 379 F.2d 702, 708–09 (3d Cir.1967). The Supreme Court reversed. It enforced the NLRB's order and held that the exhaustion proviso of § 101(a)(4) authorizes only a court or agency, and not a union, to require a member to exhaust internal union remedies:

> We conclude that "may be required" [in § 101(a)(4) ] is not a grant of authority to unions more firmly to police their members but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union. We read it, in other words, as installing in this labor field a regime comparable to that which prevails in other areas of law before the federal courts, which often stay their hands while a litigant seeks administrative relief before the appropriate agency.

*Marine and Shipbuilding Workers*, 391 U.S. at 426, 88 S.Ct. 1717.

The Court recognized that once § 101(a)(4)'s exhaustion proviso is understood to relate solely to the discretionary power of a court (or agency) to require exhaustion of union remedies, the proviso cannot be read to give a union the power to penalize a member who has his lawsuit dismissed for failure to exhaust. The Court said:

> The difficulty is that a member would have to guess what a court ultimately would hold [with respect to exhaustion]. If he guessed wrong and [sued] without

exhausting internal union procedures, he would have no recourse against the discipline of the union. That risk alone is likely to chill the exercise of a member's right to [sue] and induce him to forgo his grievance or pursue a futile union procedure.

*Id.* at 425, 88 S.Ct. 1717.

We believe that the Court's holding and reasoning in *Marine and Shipbuilding Workers* unmistakably implies that § 101(a)(4)'s exhaustion proviso cannot be read to authorize a union to assert a contractual claim for damages against a member who sues before exhausting internal union remedies.

■ Because the proviso in § 101(a)(4) is not a grant of authority to unions, the first clause of that section remains unqualified: "No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency." 29 U.S.C. § 411(a)(4). Thus, unions may not engage in any conduct that limits the right of their members to sue. They may not use internal disciplinary measures, such as fines or expulsion, to retaliate against members who sue without first exhausting internal union remedies. Nor can unions threaten such measures because the threat or risk of internal discipline for failure to exhaust has been recognized as "likely to chill the exercise of a member's right to [sue]." *Marine and Shipbuilding Workers*, 391 U.S. at 425, 88 S.Ct. 1717. *See also Ross v. Int'l Bhd. of Electrical Workers*, 544 F.2d 1022, 1024 (9th Cir.1976) (holding that union may not fine member who sued the union without exhausting internal remedies); *Operating Engineers Local Union No. 3 v. Burroughs*, 417 F.2d 370, 373 (9th Cir.1969) (same); *Ryan v. Int'l Bhd. of Electrical Workers*, 361 F.2d 942, 946 (7th Cir.1966) (holding that union may not expel members who sued the union without exhausting internal remedies).

In this case Prevas risked a $200,000 claim for damages because he filed suit

without exhausting procedures within the Union. We see no material difference between the threat of fine or expulsion and the threat of a judgment for damages. Accordingly, we hold that the MMP's constitutional provision requiring exhaustion is inconsistent with § 101(a)(4) of the LMRDA, and is of "no force or effect" under § 101(b), to the extent it was intended to give the Union a contract remedy for damages against a member who failed to exhaust. In short, the Union does not have a claim for damages against Prevas.

We note that nothing in our holding prevents a court from exercising its discretion to dismiss the suit of a union member who has failed to exhaust internal union remedies. Indeed, "it is appropriate to emphasize that courts and agencies will frustrate an important purpose of the [LMRDA] if they do not, in fact, regularly compel union members 'to exhaust reasonable hearing procedures' within the union organization. Responsible union self-government demands, among other prerequisites, a fair opportunity to function." *Marine and Shipbuilding Workers,* 391 U.S. at 429, 88 S.Ct. 1717 (Harlan, J., concurring). Here, the district court followed this lesson and dismissed both of Prevas's suits against the MMP, remitting him to available remedies within the Union.

### III.

The district court's order dismissing the MMP's complaint against Prevas for failure to state a claim is affirmed.

*AFFIRMED.*