[No. 8229–9–I.   Division One.   May 26, 1981.]

JOHN COLLINS, ET AL, *Appellants*, v. LOMAS & NETTLETON COMPANY, ET AL, *Respondents*.

*John Caughlan,* for appellants.

*Andrew C. Gauen, Lee Corkrum,* and *R. Hays Goddard,* for respondents.

CALLOW, J.—John and Geraldine Collins appeal from an order dismissing the defendants Dodd, Hamlin & Coney, P. S.; William L. Bishop, Jr., and Jane Doe Bishop; William W. Edwards and Jane Doe Edwards; Robert E. Ordal and Jane Doe Ordal; and B. H. Camperson and Jane Doe Camperson. These named individuals were attorneys with the law firm of Dodd, Hamlin & Coney, P. S., at the time this lawsuit was commenced.

The plaintiffs, acting on their own behalf, filed a 17–page complaint on January 28, 1978, alleging fraudulent misrepresentation, usury, malpractice and various other wrongs which caused the plaintiffs the loss of real property. Named as defendants were the Lomas & Nettleton Company, some of its officers, the law firm and certain individual attorneys of Dodd, Hamlin & Coney, P. S., and the plaintiffs' former personal attorney, R. Hays Goddard.

The plaintiffs failed to serve the defendants properly within 90 days of the date of filing the complaint. All named defendants entered general appearances during February 1978 notwithstanding the lack of proper notice. On April 4, 1978, defendants Dodd, Hamlin & Coney, P. S., and Edwards, Bishop, Ordal and Camperson (hereinafter referred to as the law firm), moved to dismiss under CR 12(b)(5) and (6) for insufficiency of service of process and failure to state a claim upon which relief could be granted. The plaintiffs then retained counsel and upon agreement of

the parties, the motion was not pursued while plaintiffs' counsel reviewed the case. The defendants, except Robert E. Ordal and Jane Doe Ordal, were served with process properly during April and May 1978. No responsive pleading has been filed by the law firm.

No further action was taken until May 23, 1979, when the plaintiffs filed an amended complaint. The plaintiffs alleged that the law firm, as attorneys for the Lomas & Nettleton Company, commingled mortgage payments made by the plaintiffs on two parcels of real estate and failed to credit those payments to the proper account, thereby causing both mortgages to become delinquent. Foreclosure proceedings were commenced on both properties, and one lot was sold.

The law firm moved to dismiss the complaint and amended complaint on June 11, 1979, for lack of proper service and failure to state a claim for relief. The motion was noted for June 21, 1979, and notice was sent by certified mail to the plaintiffs. The plaintiffs failed to appear at the hearing, and the motion to dismiss was granted. On August 22, 1979, the plaintiffs moved to set aside the order of dismissal, arguing that they did not receive notice of the hearing. The evidence at the hearing showed that the plaintiffs failed to respond to postal service notices that certified mail was being held for them and that the notice was eventually returned to the law firm some time after the order of dismissal had been entered. The trial court declined to set aside the dismissal.

■ The plaintiffs first contend that service of pleadings and papers by certified mail is insufficient and deprives them of due process. We disagree. CR 5(b)(2)(A) provides: "If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid." The law firm complied with this rule. We find no justification for precluding the use of certified mail absent express language to that effect. The use of certified or registered mail may be superior, in fact, to service by first–class mail since certification

assures that the postmark, which determines the time of mailing, is accurate. *See* 4 C. Wright & A. Miller, *Federal Practice* § 1148 (1969). The test for legal sufficiency of notice is whether it is "reasonably calculated to reach the intended parties." *In re Saltis,* 25 Wn. App. 214, 607 P.2d 316 (1980). Notice by certified mail satisfies this test.

The plaintiffs next contend that the trial court erred in failing to set aside the order of dismissal. We agree.

Under CR 3, an action is commenced either by service of a copy of the summons and complaint or by filing the complaint. CR 3 supersedes RCW 4.28.010, which required that both service and filing must be accomplished within 90 days. Even under RCW 4.28.010, however, failure to accomplish both within 90 days did not justify dismissal with prejudice. The action could be refiled, or the complaint amended, and if proper service was obtained, the lawsuit could proceed. *McPhee v. Nida,* 60 Wash. 619, 111 P. 1049 (1910).

██ The plaintiffs' failure to serve the law firm properly within 90 days of filing the complaint is significant only as it might relate to whether the statute of limitations has tolled. RCW 4.16.170. RCW 4.16.170 provides that either service or filing tentatively tolls the statute of limitations. If the additional step (service after filing or filing after service) is not accomplished within 90 days, the action is treated as if it had not been commenced and the period of the statute continues to run. 3A Wash. Prac. § 5031 (3d ed. 1980). The action remains valid, however, if the second step is accomplished before the statute of limitations actually has run. *Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375 (1977), stated at pages 892–93:

> Since both the service and the filing were accomplished before the statutory period of limitation had expired, *i.e.,* within 3 years from the date of the injury, the issue of tolling that statutory period does not arise. RCW 4.16-.170 is not applicable. [*Seamans*] *v. Walgren,* 82 Wn.2d 771, 776, 514 P.2d 166 (1973). Under these circumstances it is immaterial that the service and filing were not accomplished within 90 days of each other.

The sanction for failing to serve the complaint within 90 days of filing is that the action is not deemed commenced for purposes of tolling the statute of limitations. *Seamans v. Walgren,* 82 Wn.2d 771, 514 P.2d 166 (1973). There being neither allegations nor findings that the statute of limitations has run, it was error to dismiss on this basis.

■ We also find that the amended complaint states a claim upon which relief can be granted. Motions to dismiss pursuant to CR 12(b)(6) are sparingly granted; it must appear beyond doubt that the plaintiffs can prove no set of facts consistent with the complaint which would entitle them to relief. *Halvorson v. Dahl,* 89 Wn.2d 673, 574 P.2d 1190 (1978). The plaintiffs' amended complaint states a cause of action against the law firm for negligence in the handling of the plaintiffs' mortgage payments.

The order of dismissal is vacated and the cause remanded for further proceedings.

SWANSON and WILLIAMS, JJ., concur.