[No. 43149-8-I.   Division One.   January 10, 2000.]

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 46, *Appellant*, v. ALBERT MITCHELL, ET AL., *Respondents*.

*Richard Robblee* of *Hafer Price Rienhart & Robblee*, for appellant.

*Judd Lees*, for respondents.

BAKER, J. — Because a union's imposition of a fine against one of its members did not comport with minimal requirements for procedural due process; nor with the requirements of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(5), nor requirements in the union's local bylaws, we affirm the trial court's refusal to reduce the fine to a collectible legal judgment.

## I

The International Brotherhood of Electrical Workers

(IBEW) is a labor union with local chapters throughout the nation. Local 46 of the IBEW is located in Seattle. Albert Mitchell is a partner in a Seattle electrical contracting firm and was also a member of the IBEW who paid "non-working dues" in order to contribute to the union pension plan he had funded while working as an electrician. Mitchell's firm is nonunion. After Mitchell rejected a union organizer's request to have his firm sign a union contract, internal union charges were filed against him for violating provisions of the local union bylaws and the IBEW constitution. In part, the charges allege that Mitchell's ownership of a nonunion firm reduces wages for union electricians and thus violates provisions in the IBEW constitution which forbid causing economic harm to union members.

Local 46 sent Mitchell notice of the charges and hearing date by certified mail, but the letter was returned unclaimed. The record does not indicate that Mitchell knew who had sent the letter or that he had actual knowledge of the charges or when the hearing was to take place. Without knowing whether or not Mitchell had received the certified mail, without any other attempt to notify Mitchell, and without any appearance by or on behalf of Mitchell, Local 46 held a hearing, found Mitchell guilty on some of the charges, and ordered Mitchell to pay a substantial fine. Local 46 then personally served Mitchell with a copy of the decision from the disciplinary hearing and notified him of his right to an internal union appeal of that decision.

After Mitchell did not appeal, Local 46 filed suit to enforce the fine. Both Local 46 and Mitchell filed motions for summary judgment. The trial court agreed with Mitchell's contention that procedural due process requirements were not met by the union and dismissed the case with prejudice. Local 46 appeals.

## II

Relations between a labor union and its members are defined by the terms of the union constitution and its

bylaws, which in essence constitute a contract.[1] A union may impose sanctions upon its members as authorized by its constitution and bylaws, and may seek enforcement of such sanctions in state court proceedings to enforce the contract.[2] Subject to preemption under federal labor law, these contractual matters are governed by local law.[3]

The Labor-Management Reporting and Disclosure Act (LMRDA) states:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.[4]

Under the LMRDA, the union bears the burden of providing adequate notice of specific charges and of the hearing, and provisions of a union's constitution or bylaws inconsistent with 29 U.S.C. § 411(a)(5) are of no force or effect.[5]

### III

■ Due process concerning the commencement of an action requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[6] In Washington, service of process commencing a court case ordinarily requires either personal service upon the charged party or substitute service at that

---

[1]*National Labor Relations Bd. v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 192, 87 S. Ct. 2001, 18 L. Ed. 2d 1123 (1967); *Local 112, Int'l Bhd. of Elec. Workers v. Bray*, 112 Wn.2d 253, 256-57, 770 P.2d 634, *cert. denied*, 493 U.S. 965, 110 S. Ct. 409, 107 L. Ed. 2d 374 (1989).

[2]*Allis-Chalmers*, 388 U.S. at 192.

[3]*Bray*, 112 Wn.2d at 257.

[4]29 U.S.C. § 411(a)(5).

[5]*Rosario v. Dolgen*, 441 F. Supp. 657 (S.D.N.Y. 1977); 29 U.S.C. § 411(b).

[6]*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

person's "usual abode with some person of suitable age and discretion then resident therein."[7] A union's disciplinary process need not necessarily comply with all of the procedural rules applicable to lawsuits. However, the ultimate result of union disciplinary proceedings may be a monetary fine or other sanctions that are enforceable by the full coercive power of the courts.[8] We are thus persuaded by cases from other jurisdictions that service of a union's disciplinary complaint in Washington must comport with procedural due process requirements for service of process in a court case.[9]

Local 46 contends that attempted service by certified mail comports with due process requirements in Washington, citing *Collins v. Lomas & Nettleton Co.*[10] The court in *Collins* held that service of pleadings and papers by certified mail is an acceptable substitute for otherwise permissible service by first-class mail *after an action has com-*

---

[7]RCW 4.28.080; *Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991) (service upon 26-year-old stepdaughter who infrequently slept at defendant's home was valid). The *Wichert* court noted:

"The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394, 58 L. Ed. 1363, 34 S. Ct. 779 (1914). That opportunity to be heard in turn depends upon notice that a suit is being commenced. However, "[p]ersonal service has not in all circumstances been regarded as indispensable to the process due to residents. . . ." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). Compliance with due process is described thusly: "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, at 315.

*Wichert*, 117 Wn.2d at 151.

[8]*See Local 165, Int'l Bhd. of Elec. Workers v. Bradley*, 149 Ill. App. 3d 193, 499 N.E.2d 577, 583-84, 102 Ill. Dec. 20 (1986).

[9]*See Meader v. District Lodge No. 4, Indus. Union of Marine & Shipbuilding Workers of Am.*, 786 F. Supp. 95 (D. Me. 1992); *Kowaleviocz v. Local 333, Int'l Longshoremen's Ass'n*, 942 F.2d 285 (4th Cir. 1991); *Bradley*, 499 N.E.2d 577; *International Bhd. of Elec. Workers Local 399 v. Zoll*, 135 Ill. App. 3d 910, 482 N.E.2d 446, 90 Ill. Dec. 627 (1985); *Reilly v. Sheet Metal Workers' Int'l Ass'n Local 137*, 488 F. Supp. 1121 (S.D.N.Y. 1980); *Local 756, United Auto.-Aircraft & Agric. Implement Workers v. Woychik*, 5 Wis. 2d 528, 93 N.W.2d 336 (1958).

[10]29 Wn. App. 415, 417-18, 628 P.2d 855 (1981).

*menced.*[11] Contrary to the union's assertion, the *Collins* court did not hold that notice of the *commencement* of an action may be sent by certified mail and that procedural due process requirements are satisfied if that mail is returned unclaimed. *Collins* is not applicable here.

In *International Brotherhood of Electrical Workers Local 399 v. Zoll*, a local union filed internal charges against a member for crossing a picket line.[12] The union attempted to send Zoll charges by certified mail, but he did not collect the certified mail.[13] The union held a disciplinary hearing which Zoll did not attend, and sent by certified mail a copy of the trial board's decision to fine him.[14] Zoll did not collect that certified mail either, and the union filed suit to collect the fine.[15] The *Zoll* court found that the fine was not enforceable in court because, under state law, procedural due process notice requirements for disciplinary proceedings in a voluntary association require more than merely performing the ministerial act of sending such notice.[16] Because Zoll did not know of the charges, the trial date, or the trial board's decision, the *Zoll* court affirmed the trial court's dismissal of the union's suit.[17]

■ We are persuaded by the reasoning of the court in *Zoll* that minimal requirements for procedural due process are not satisfied where a union merely performs the ministerial act of sending a notice. It is undisputed that the union here did nothing more than sending notice by certified mail, and that Mitchell did not know of the charges or

[11]*Collins*, 29 Wn. App. at 416-18.

[12]135 Ill. App. 3d 910, 482 N.E.2d 446, 447, 90 Ill. Dec. 627 (1985).

[13]*Id.* at 447.

[14]*Id.* at 448.

[15]*Id.*

[16]*Id.* at 450.

[17]*Id.* The *Zoll* court distinguished the facts before it from *Woychick*, a case which enforced a fine against a union member who refused to accept notice personally handed to him by a union representative. *Id.*; *Woychick*, 93 N.W.2d at 338.

the trial date. The union's attempted service here was clearly inadequate to comply with minimal requirements for procedural due process in Washington.

## IV

Local 46 contends that, under applicable federal law and precedent, the role of the courts is " 'but to enforce the contract' between the Union and its members by enforcing its fine against Mitchell." We disagree and conclude that the LMRDA does not reduce the role of the courts to such a ministerial task.

As authority for its contention that the fine here must be enforced, Local 46 cites *Meader v. District Lodge No. 4, Industrial Union of Marine & Shipbuilding Workers of America*[18], a case where a local union filed internal charges against several of its officers because they solicited employee signatures to secede from the local union and join a rival union. The union attempted to mail the officers charges by certified mail, but the officers did not collect the certified mail.[19] The union held disciplinary hearings which the officers did not attend, and the officers filed suit under the LMRDA because they contended that the proceedings were invalid due to lack of notice.[20] The trial court rejected the officers' contention because they intentionally avoided receipt of the letters, which they knew contained the charges of soliciting signatures to join another union.[21]

However, in *Reilly v. Sheet Metal Workers' International Association, Local 137*[22], a local union chapter filed internal charges against a member for assaulting a union official. The union attempted to mail Reilly charges by certified mail, but he did not collect the certified mail. A union of-

---

[18]786 F. Supp. 95, 97-98 (D. Me. 1992).

[19]*Id.* at 98.

[20]*Id.* at 104.

[21]*Id.* at 104-05.

[22]488 F. Supp. 1121, 1123 (S.D.N.Y. 1980).

ficial thereafter approached Reilly and told him that he was " 'in trouble' " and that a trial would take place.[23] Reilly attended the hearing and was found guilty of the charges.[24]

Reilly filed suit under the LMRDA, contesting the validity of the disciplinary action.[25] The court noted the union's failure to provide "written specific charges" as required by the LMRDA at 29 U.S.C. § 411(a)(5).[26] The court held that actual notice of a hearing and the basic nature of the charges did not cure the union's failure to provide Reilly with "written specific charges" because he could not precisely anticipate the union official's version of the facts nor the specific violations with which he had been charged.[27] The court further held that the LMRDA requires "that the accused be told, far enough in advance of trial to be of some use to him, that he has a right to call witnesses, that his adversary may call witnesses, that he has a right to cross-examine them, and that he runs the risk of incurring serious penalties."[28] The court thus vacated the penalties imposed on Reilly and remanded the matter to the union for a new trial.[29]

This case differs from *Meader* and is analogous to *Reilly.* The *Meader* court rejected the union members' notice argument because they knew of the union charges and intentionally avoided receiving letters which they knew contained such charges.[30] Although Mitchell admits he heard rumors that the union was displeased with him, the record does not indicate that Mitchell was aware of the nature of

---

[23]*Id.* at 1123-24.

[24]*Id.* at 1124.

[25]*Id.* at 1123.

[26]*Id.* at 1127.

[27]*Id.*

[28]*Id.*

[29]*Id.* at 1124, 1128.

[30]*Meader,* 786 F. Supp. at 104-05.

the charges that had been filed or that the union had sent him certified mail. *Meader* is not on point.

■ In our view, *Reilly* sets forth the proper rule for complying with the requirements of the LMRDA. Unless an accused member cannot be found or willfully evades process, he or she should be served with specific written charges in order to prepare a defense. As noted by the *Reilly* court, the LMRDA requires more than mere notice of a hearing. It requires specific written charges so that a member can be afforded a full and fair hearing.[31]

It is undisputed that Local 46 knew where Mitchell lived and worked, and knew how to locate and personally serve Mitchell with a copy of the trial board's decision.[32] Nonetheless, the union did not attempt to personally serve Mitchell with notice of the specific charges against him and notice of the hearing. Because Mitchell was not served with specific written charges before the disciplinary hearing as required under the LMRDA, the fine here cannot be enforced.

## V

Notwithstanding the union's failure to comply with either minimal requirements for procedural due process or the LMRDA, Local 46 contends that Mitchell's failure to pursue an internal union appeal constitutes a waiver of his right to argue his liability for the fine. The court in *Local*

[31]*Reilly*, 488 F. Supp. at 1127.

[32]Moreover, Local 46 knew how to contact Mitchell by phone and had done so previously. We note the union's contention that allowing Mitchell to argue that he was denied due process after rejecting notice by certified mail would "encourage games-playing." That contention is erroneous. Those who are to be served with process in this state are under no obligation to arrange a time and place for service or to otherwise accommodate a process server. *See Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995) (case dismissed for improper service because specific terms of service statute were not met where process server yelled at defendant through window that he had been served and then placed documents on windowsill four feet from where defendant had been sitting after defendant looked at server).

*165, International Brotherhood of Electrical Workers v. Bradley,*[33] rejected that argument as follows:

> [The union members] had a right to appeal the decision of the local union's trial board, but they did not do so. It might be argued that if an exhaustion provision exists under the I.B.E.W. constitution or Local 165 bylaws, defendants' failure to exhaust intra-union remedies is a waiver of any objections to the fines. However, we do not find it so. . . . [The instant case] is a suit brought by a union to collect union fines by obtaining a money judgment in our courts that is enforceable by the full coercive power of this state. As noted above, the union is free to file such a suit, but it must abide by the same principles of contract law that would apply to any other litigant. . . . We find no Federal or state law principle that defendants' failure to appear and defend before the union's trial board, or to appeal within the union, prevents this court from determining whether the prerequisites for a contract action have been met. Consequently, we proceed to consider the merits of defendants' arguments.[34]

Local 46 contends that *Bradley* is irrelevant because it interpreted Illinois law. Local 46 also contends that our Supreme Court rejected the reasoning of the *Bradley* court in *Couie v. Local 1849, United Brotherhood of Carpenters and Joiners of America,*[35] and "definitively has held that a union member who fails to avail himself of the union constitution's internal remedy cannot turn to the courts to review the union's action." Both contentions lack merit.

First, as in *Bradley*, we find no federal or state law principle here that a union member's failure to appeal within the union prevents our courts from determining whether the prerequisites for a contract action have been met. Second, *Couie* is clearly distinguishable. The union member in *Couie* had notice of, and was present at, the disciplinary proceedings but refused to participate because

---

[33]149 Ill. App. 3d 193, 499 N.E.2d 577, 102 Ill. Dec. 20 (1986).

[34]*Id.* at 583-84.

[35]51 Wn.2d 108, 316 P.2d 473 (1957).

of an alleged defect in the trial committee's composition.[36] After. the union imposed a fine, the member failed to avail himself of the internal union appeals process.[37] The instant case is not controlled by *Couie* because Mitchell neither had notice of, nor attended, disciplinary proceedings.

■ Internal union remedies need not be exhausted where proper notice was not given.[38] Because Mitchell was not given proper notice of the commencement of disciplinary proceedings, he was under no obligation to pursue an internal union appeal.

## VI

Our Supreme Court has ruled that the courts of this state will not enforce union disciplinary measures unless the provisions of the union's constitution and bylaws are strictly followed and provide penalties for the alleged wrongdoing of a union member.[39] A union's constitution or bylaws must specifically authorize judicial enforcement of disciplinary measures, and all relevant requirements of a union's constitution and bylaws must be followed in disciplinary proceedings.[40]

Article 17 of the bylaws of Local 46 provides:

Sec. 1. The Executive board shall act as the Trial Board to hear charges and try members (except officers or representatives of a Local Union, Railroad Council, or System Council) for violation of the IBEW Constitution, these bylaws, or an approved working agreement. All charges against a member must be in writing and signed, specifying the provision(s) of the Constitution, bylaws, or working agreement allegedly violated. A brief factual written statement of the act(s) considered to be

[36]*Id.* at 109.

[37]*Id.*

[38]*Simmons v. AVISCO, Local 713, Textile Workers Union of Am.*, 350 F.2d 1012, 1016-17 (4th Cir. 1965) (*cited with approval in Kowaleviocz*, 942 F.2d at 288-89).

[39]*See Bray*, 112 Wn.2d 253.

[40]*See id.* at 254; *United Glass Workers' Local 188 v. Seitz*, 65 Wn.2d 640, 641, 399 P.2d 74 (1965).

in violation, including relevant dates, places and names, should be given by the charging party. A copy of the charges must be furnished to the accused by the Recording Secretary with notice of when to appear before the Trial Board.

We interpret the term "must be furnished" in the bylaws of Local 46 as a requirement that the union ordinarily must at least take steps reasonably designed to ensure that a copy of the charges and notice of when to appear are actually provided to the union member. Such steps were not taken here, and there are no circumstances which might excuse that requirement under the facts of this case. Thus, an additional basis for refusing to enforce the fine in this case is that Local 46 failed to follow the requirements of its own bylaws.

## VII

We hold that the IBEW's attempted service by certified mail does not comport with minimal requirements for procedural due process. We also note that the LMRDA requires that a union member be served with written specific charges, given a reasonable time to prepare his or her defense, and afforded a full and fair hearing, and conclude that the requirements of the LMRDA were not met here. We further hold that a copy of disciplinary charges must be furnished to an accused union member under the bylaws of Local 46, a requirement that was not met in the instant case. Because Mitchell was not afforded due process when Local 46 unsuccessfully attempted to notify him of an upcoming disciplinary hearing by certified mail, and because Local 46 did not comply with the LMRDA and its own bylaws, we affirm the trial court's dismissal of the union's suit to reduce the fine to a collectible legal judgment.

Affirmed.

BECKER and COX, JJ., concur.

Reconsideration denied February 9, 2000.

Review denied at 141 Wn.2d 1008 (2000).