[No. 81160-1.   En Banc.]
Argued October 28, 2008.   Decided December 18, 2008.

*Certification From the United States Court of Appeals for the Ninth Circuit in*

CORNHUSKER CASUALTY INSURANCE COMPANY, *Appellee*, v. CHRIS KACHMAN, *Defendant*, BROOKS SAMPLES, *Individually and as Personal Representative, Appellant.*

406

*Kevin Coluccio, Garth L. Jones, Paul L. Stritmatter*, and *Ray W. Kahler* (of *Stritmatter Kessler Whelan Coluccio*), for appellant.

*Irene M. Hecht* and *Maureen M. Falecki* (of *Keller Rohrback, LLP*), for appellee.

*Timothy J. Parker* and *Jason W. Anderson* on behalf of Property Casualty Insurers Association of America, amicus curiae.

¶1 MADSEN, J. — The Ninth Circuit Court of Appeals certified the following question to this court:

Does sending notice of cancellation by certified mail satisfy the "mailed" requirement of RCW § 48.18.290 (1997) and give sufficient notice of cancellation to comply with RCW § 48.18-.290, even if there is no proof that the cancellation letter was received by the insured?

Order Certifying Question to the Wash. State Sup. Ct. at 16. We answer this question in the negative: Sending notice of cancellation by certified mail does not satisfy the "mailed" requirement of RCW 48.18.290. However, a certified letter, actually received, will satisfy the "actually delivered" requirement of the statute.[1]

## FACTS

¶2 Cornhusker Casualty Insurance Company provided commercial automobile insurance to Rockeries, Inc., beginning June 28, 2000. Rockeries, owned by Chris and Debbie Kachman, held a policy with Cornhusker that renewed annually with quarterly payments. Rockeries was insured with Cornhusker for more than four years, through October 19, 2004. On 11 separate occasions, Rockeries failed to pay its premium installment on time. With every missed payment, Rockeries was sent a letter notifying it of impending cancellation of its policy if it failed to remit payment. On nine of these occasions, Rockeries paid the amount due before the cancellation date and coverage was reinstated without lapse. In January 2001, Rockeries sent a payment postmarked before the cancellation date. Cornhusker received the payment after the cancellation date, but still accepted the payment.

¶3 Rockeries also failed to pay the premium installment due on September 2, 2004. On September 29, 2004, Corn-

---

[1] The legislature amended the statute in June 2006 to change "actually delivered or mailed" to "deliver or mail." LAWS OF 2006, ch. 8, § 212(1)(a), (c). We offer no opinion on whether or not the subsequent change in the language would affect our reasoning here today.

husker sent a letter via certified mail notifying Rockeries that the policy would be cancelled if payment was not received by October 19, 2004. Rockeries never received this letter.

¶4 On October 22, 2004, Leanne Samples was killed in an automobile accident with a Rockeries employee. On October 25, 2004, Rockeries notified its insurance broker, and by implication Cornhusker, of the accident. On October 28, 2004, Cornhusker received a check from Rockeries for the past-due premium installment. Cornhusker returned the check to Rockeries on or after that day. The undelivered letter Cornhusker sent via certified mail was returned to Cornhuskers on November 1, 2004.

## ANALYSIS

¶5 The relevant portion of former RCW 48.18.290(1), as it read in 2004, provides that cancellation of insurance policies, such as Rockeries' commercial automobile policy, "may be effected as to any interest only upon compliance with the following":

> (a) Written notice of such cancellation, accompanied by the actual reason therefor, must be actually delivered or mailed to the named insured . . . .
>
> . . . .
>
> (2) The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his or her last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States post office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the post office upon failure to find, or deliver the mailing to, the addressee.

Former RCW 48.18.290 (1997). The statute does not define either the term "actually delivered" or the term "mailed."

¶6 Cornhusker argues that certified mail falls within the "plain meaning" of the word "mailed" in the statute. Appel-

lee Cornhusker Cas. Ins. Co. Responsive Br. (Appellee's Responsive Br.) at 11. Brooks Samples argues that the legislative intent behind RCW 48.18.290 is to provide the insured with the opportunity to obtain other insurance prior to cancellation and that placing certified mail under the "mailed" prong of the statute vitiates that legislative intent. Appellant's Opening Br. at 9-10. We agree with Samples.

■ ¶7 Plain meaning "is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002). In *Department of Ecology*, this court cited, with approval, the proposition that " 'the plain meaning rule requires courts to consider legislative purposes or policies appearing on the face of the statute as part of the statute's context.' " *Id*. at 11 (quoting 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 48A:16, at 809-10 (6th ed. 2000)).

■ ¶8 In adopting the notice of cancellation procedures, the legislature chose two means by which insurance may be effectively cancelled: by mailing notice or by actually delivering notice. The legislature did not mention certified mail as an approved way of effecting notice of cancellation to an insured under RCW 48.18.290. As Samples points out, the legislature knows how to use the term certified mail when it wishes to do so. Appellant's Opening Br. at 15-16 (citing RCW 4.28.330; RCW 6.27.130(1); RCW 7.04.060; RCW 7.04A-.090; RCW 11.11.050; RCW 11.56.110; RCW 11.88.040; RCW 12.40.040; RCW 14.08.122; RCW 18.35.100(3); RCW 19.28-.381; RCW 22.09.120; citing also instances of the legislature specifically using the term "certified mail" within the insurance code, RCW 48.03.040(5); RCW 48.05.210(1)-(2); RCW 48.05.485; RCW 48.15.150(2); RCW 48.30.010(5); RCW 48.43.355). The legislature chose not to use the term "certified mail" in this notification statute.

¶9 Because the legislature did not list certified mail as an approved notice of cancellation method, it is not clear

from the language of the statute under which prong the certified mail method should fall: "actually delivered" or "mailed."[2]

¶10 RCW 48.18.290 is a notice provision statute, asking an insurer intending to cancel a policy to provide "notice of cancellation to the named insured." RCW 48.18-.290(1)(a)(i). This court has defined the intent underlying notice requirements in the insurance code: "to enable the insureds . . . to take appropriate action in the face of impending cancellation of an existing policy. Notice enables the insured to adjust by either making the payments in default, obtaining other insurance protection, or preparing to proceed without insurance protection." *Olivine Corp. v. United Capitol Ins. Co.*, 147 Wn.2d 148, 162, 52 P.3d 494 (2002) (citations omitted).

¶11 The language of the notice provision describes the duty of both the insurer and the insured. The insurer is to "actually deliver[ ] or mail" notice of cancellation to the insured. Former RCW 48.18.290(1)(a)(i). The insureds are to inform the insurance company of their address. RCW 48.18.290(2). Implicit in the statutory duty of the insured to provide an address is the related duty to maintain this address up to date.

¶12 There are practical differences between regular mail and certified mail that affect the duties of both the insurer and the insured. Regular mail is effected under RCW 48.18.290(2), "by depositing it in a sealed envelope, directed to the addressee at his or her last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States post office." Certified mail can be effected in the same way. However, certified mail, once deposited

---

[2] Cornhusker points to *Collins v. Lomas & Nettleton Co.*, 29 Wn. App. 415, 628 P.2d 855 (1981) for a contrary view. In *Collins*, the Court of Appeals noted in dicta that under former CR 5(b)(2)(A) (1978), there was "no justification for precluding the use of certified mail absent express language to that effect." *Id.* at 417. The language in that case is not applicable to our analysis of RCW 48.18.290. Moreover, CR 5(g), as it was then and is now written, specifically mentions the use of certified mail for service of parties to ongoing litigation.

with the post office, requires the signature of the recipient in order to be delivered. This adds to the duty placed upon the insured by now requiring the insured to be at home to receive the certified letter or to travel to the post office between nine in the morning and five in the evening on a weekday to receive the letter.

¶13 Cornhusker and amicus Property Casualty Insurers Association of America (PCIAA) both argue that it is, in fact, the duty of the insured under the notice statute to go to the post office to pick up certified mail. Appellee's Responsive Br. at 4, 36 (arguing that Rockeries should not be "rewarded" for failing to pick up its certified mail); Amicus Br. of PCIAA at 12 ("RCW 48.18.290 places the burden . . . on the insured to see that mail is received[, to] provid[e] a secure delivery location, and retriev[e] and read[ ] mail."). The statute, however, places no such burden on the insured. Under the "mailed" prong of RCW 48.18.290, the burden of the insureds is to keep their address current with the insurer. Since certified mail requires more of the insured to effect delivery of a notice of cancellation, it does not satisfy the "mailed" prong of the statute. Certified mail, as a request of the United States post office to *actually deliver* a letter to the insured, falls under the "actually delivered" prong of RCW 48.18.290.[3]

¶14 Our reasoning here has also found favor in other jurisdictions. Courts have looked at both similar statutory and policy language and found that in terms of notice to a recipient, certified mail is not equal to regular mail. *Aetna Fin. Co. v. Summers*, 44 Colo. App. 491, 492-93, 618 P.2d 726 (1980) (construing statutory language that notice is effective " 'when . . . deliver[ed] . . . to the debtor or mail[ed] the notice to him at his residence' " to hold that certified mail "placed restrictions upon the delivery of the notice"

---

[3] Cornhusker and PCIAA discuss, at length, the fact that actual notice, i.e., actual receipt of a letter, is not required when an insurer *mails* a notice of cancellation to the insured. These arguments are unrelated to the issue before us: whether or not certified mail falls under the "actually delivered" prong of the statute or the "mailed" prong of the statute.

and was therefore not effective as a mailing under the statute (quoting COLO. REV. STAT. § 5-5-111(1) (Supp. 1979)), *aff'd*, 642 P.2d 926 (Colo. 1982); *Larocque v. R.I. Joint Reinsurance Ass'n*, 536 A.2d 529, 532 (R.I. 1988) (holding that whereas cancellation sent by regular mail benefited from a presumption of actual receipt and met statutory requirement of actual receipt, cancellation sent by certified mail actually "increased the risk of nondelivery"); *Conrad v. Universal Fire & Cas. Ins. Co.*, 686 N.E.2d 840, 841-43 (Ind. 1997) (holding that "mailing" clause in an insurance policy envisioned the use of ordinary mail, but not certified mail, which requires a signature, and that certified mail is therefore not reasonably calculated to reach the insured and is not effective as a "mailing device"); *Fid. & Cas. Co. of N.Y. v. Riley*, 168 Md. 430, 178 A. 250, 252-53 (Ct. App. 1935) (holding that an insurer's attempt to cancel policy using registered mail constituted an attempt to actually deliver the notice to the insured and was not an attempt to mail, notice under policy language requiring insurer to cancel by " 'written notice delivered to the insured or mailed to his last address' ").[4]

¶15 Holding that certified mail does not fall under the "mailed" prong of RCW 48.18.290, we must now analyze whether or not undelivered certified mail constitutes effective notice to the insured under the "actually delivered" prong of the statute. Where an insurer follows the statutory procedures for mailing and sends notice by regular mail, actual receipt by the insured is not required for effective notice. *Trinity Universal Ins. Co. v. Willrich*, 13 Wn.2d 263, 273-74, 124 P.2d 950 (1942). The legislature's choice of the words "actually delivered" indicates that something more is required to effect a notice of cancellation under this prong of the statute. *Black's Law Dictionary* defines "actual delivery" as "[t]he act of giving real and immediate possession to

---

[4] It should be noted that where the cited courts have construed policy language similar to our statutory language to not allow for notice via certified mail, their holdings were based on the presumption of delivery that attaches to regular mail and not on the rule that courts should construe ambiguous insurance policy language in favor of the insured.

the buyer or the buyer's agent." BLACK'S LAW DICTIONARY 461 (8th ed. 2004).[5] *Webster's Third New International Dictionary* defines "actual" as "**b** : existing in fact or reality : really acted . . . or carried out." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 22 (2002). *Black's* defines "delivery" as "[t]he formal act of transferring something, such as a deed; the giving or yielding possession or control of something to another." BLACK'S, *supra*, at 461.

¶16 In keeping with the language chosen by the legislature, the definition of "actually delivered," and our case law, we hold that for notice of cancellation by certified letter to constitute effective notice under RCW 48.18.290, the letter must be delivered to the last known address of the insured. The signed return receipt that accompanies a delivered certified letter is proof of insured's receipt of the notice of cancellation.

## CONCLUSION

¶17 We answer the Ninth Circuit's certified question in the negative: Sending notice of cancellation by certified mail does not satisfy the "mailed" requirement of RCW 48.18.290. In order for certified mail to meet the statutory notice requirement, the notice must be "actually delivered."

ALEXANDER, C.J., and C. JOHNSON, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

---

[5] While *Black's* definition is written in the language of real property, we see no reason why the definition does not apply here where the issue of what constitutes delivery for purposes of notification to a party is the same.