# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-30803
Summary Calendar

ADAM J. MECHE

Plaintiff-Appellant

v.

NATIONAL INDEMNITY COMPANY

Defendant-Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:07-cv-01491

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal is from a summary judgment in favor of the insurer. The issue is whether the insurer sent the notice of cancellation of the insurance policy in compliance with the applicable Washington state law. In light of very recent Washington Supreme Court precedent, we must conclude that the insurer has not shown that the notice sent complied with the statutory notice requirement. Therefore, we vacate the summary judgment and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL HISTORY

National Indemnity Company (NIC), through its general agent, Cochrane and Company, issued a public liability insurance policy to Selena Transport, L.L.C. (Selena) that was to be effective from November 22, 2005, to November 22, 2006. On February 22, 2006, an employee of Cochrane mailed to Selena a notice of cancellation of the insurance policy due to nonpayment of premiums. The notice provided that the insurance policy would be cancelled effective March 30, 2006.

On March 31, 2006, the plaintiff, Adam Meche, was injured in an accident involving his motor vehicle and a truck driven by Vladimir I. Volkov, who was an employee of Selena. Meche filed suit in Louisiana state court against Volkov, Selena, and NIC, alleging that the accident was caused by Volkov's negligence and that Selena was vicariously liable as the employer. Meche further alleged that the insurance policy issued by NIC was in "full force and effect" at the time of the accident. NIC removed the suit to federal court and filed a motion for summary judgment, arguing that the insurance policy had been cancelled prior to the accident.

The district court granted NIC's motion for summary judgment and dismissed with prejudice Meche's claims against NIC. Subsequently, the district court granted the parties' joint motion for entry of final judgment as to NIC pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The district court also continued the proceedings against the remaining defendants pending this Court's resolution of the instant appeal.

## II. ANALYSIS

### A. Standard of Review

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. See e.g., Hirras v. Nat'l R.R. Passenger Corp., 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper

if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### B. Notice of Cancellation

Meche contends that the district court erred in granting summary judgment in favor of NIC. He contends that NIC did not comply with the applicable Washington statutory requirements when it sent the notice of cancellation with respect to the insurance policy at issue. Meche contends that there is a genuine issue of fact with respect to whether NIC mailed the notice. Among other things, Meche argues that "NIC has come forth with no evidence that its certified mailing of the notice of cancellation was received."[1]

In February of 2006, section 48.18.290(1) of the Revised Code of Washington, provided that cancellation of insurance policies may be effected only upon compliance with certain requirements. More specifically, "[w]ritten notice of such cancellation, accompanied by the actual reason therefor, must be actually delivered or mailed to the named insured." Wash. Rev. Code § 48.18.290(1)(a) (emphasis added).[2] Additionally, the statute provided that:

> The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his or her last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States post office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the post office upon failure to find, or deliver the mailing to, the addressee.

§ 48.18.290(2).

---

[1] Meche also makes other challenges to the mailing but in view of our disposition of this issue, we need not address them.

[2] We note that on June 7, 2006, the statute was revised slightly. However, the former version was in effect at the time the notice of cancellation was sent.

Very recently, the Washington Supreme Court answered the following question that had been certified to it by the Ninth Circuit: "Does sending notice of cancellation by certified mail satisfy the 'mailed' requirement of RCW § 48.18.290 (1997) and give sufficient notice of cancellation to comply with RCW § 48.18.290, even if there is no proof that the cancellation letter was received by the insured?" Cornhusker Casualty Ins. Co. v. Kachman, 198 P.3d 505, 2008 WL 5250268, *1 (Wash. Dec. 18, 2008). The Washington Supreme Court ruled that the sending of a notice of cancellation by certified mail fails to satisfy the "mailed" requirement of RCW 48.18.290. Id. at *4. Accordingly, certified mail must be "actually delivered" to meet the statutory requirements. Id.

In the instant case, NIC submitted evidence that the notice of cancellation was sent by certified mail. NIC does not argue that the notice was actually delivered to Selena. Instead, NIC relies on Washington cases issued prior to Kachman holding that an insurer is not required to prove that a mailed notice of cancellation was actually received for the cancellation to be effective.[3] Additionally, NIC points to deposition testimony that the notice was never returned by the post office as undeliverable. Because NIC did not prove that the certified mail was actually delivered, the district court erred in granting summary judgment in favor of NIC.[4]

Accordingly, we VACATE the summary judgment and REMAND for proceedings consistent with this opinion.

---

[3] We note that Kachman was issued after the briefing in the instant case was completed. Kachman makes clear that certified mail does not fall under the "mailed" prong of the statute; instead, certified mail must be actually delivered. 198 P.3d 505, 2208 WL 5250268, at *4.

[4] Of course, the district court did not have the benefit of Kachman.