[No. 27052-1-III.   Division Three.   September 29, 2009.]

PAMELA JONES ET AL., *Individually and on Behalf of Others Similarly Situated, Appellants*, v. HOME CARE OF WASHINGTON, INC., ET AL., *Respondents*.

*Robert H. Lavitt* and *Carson Glickman-Flora* (of *Schwerin Campbell Barnard Iglitzin & Lavitt, LLP*), for appellants.

*Kevin W. Roberts* and *Robert A. Dunn* (of *Dunn & Black, PS*), for respondents.

¶1 KULIK, J. — In February 2006, Pamela Jones and Ella Mertens brought a class action against Home Care of Washington, Inc., and Don Gross (collectively HCOW), seeking unpaid wages and overtime. No motion was made to certify the class. In November 2007, the named plaintiffs, Ms. Jones and Ms. Mertens, settled their claims without counsel and terminated Robert Lavitt and his law firm as their legal representatives. Mr. Lavitt then filed notices of his intent to withdraw.

¶2 CR 71 requires a notice of intent to withdraw to specify an effective date that is at least 10 days after the notice is served. After service of the notice of intent to withdraw—but before the effective dates of withdrawal—Ms. Jones, Ms. Mertens, and HCOW filed a stipulation and order of dismissal but did not serve it on Mr. Lavitt. The court dismissed the action in late November 2007. Mr. Lavitt asserted that he was unaware of the order of dis-

missal until February 2008. Mr. Lavitt was unsuccessful in his attempts to vacate the dismissal and to allow the putative class to intervene.

¶3 On appeal, the putative class argues that the trial court erred by denying the motion to vacate the dismissal of the action and by refusing to consider the motion to intervene. We conclude that HCOW should have served counsel of record, Mr. Lavitt, with the proposed order of dismissal. Therefore, we reverse the trial court's denial of the motion to vacate the order of dismissal and we remand for consideration of the motion to intervene.

## FACTS

¶4 On February 6, 2006, Pamela Jones and Ella Mertens brought a class action against HCOW, seeking unpaid wages and overtime. HCOW employees provide in-home care to the elderly and disabled in eastern and central Washington. After certain claims were dismissed on partial summary judgment, the plaintiffs filed a notice of appeal. *Jones v. Home Care of Wash., Inc.*, No. 25924-2-III (Wash. Ct. App. Feb. 26, 2007). The trial court stayed the setting of a trial date pending a decision from the Court of Appeals.

¶5 In mid-November 2007, Ms. Jones filed a pro se motion purporting to withdraw her appeal. Ms. Jones had not informed her lawyers that she had met with HCOW's owner about settlement.

¶6 On November 14, Ms. Jones contacted Mr. Lavitt and informed him that she " 'was done' " with the lawsuit. Clerk's Papers (CP) at 43. Later that same day, Mr. Lavitt received a faxed letter from Ms. Jones stating that Ms. Jones "hereby [terminates] you and your firm as my legal representative in any and all matters." CP at 48. The letter also notified Mr. Lavitt that Ms. Jones had settled her claims against HCOW.

¶7 In her settlement agreement with HCOW, Ms. Jones accepted $2,000 in exchange for releasing all claims against

HCOW for unpaid wages and dismissal of her case. On November 21, Mr. Lavitt filed a notice of intent to withdraw with this court. The notice stated that the withdrawal was effective December 3.

¶8 Ms. Mertens also entered into an agreement with HCOW. Ms. Mertens agreed to drop her claims against HCOW for $4,400. On November 21, Mr. Lavitt mailed a notice of intent to withdraw his representation of Ms. Mertens. It was filed in superior court on November 26 and was received by HCOW's counsel the same day. The effective date of the withdrawal was December 4, 2007.

¶9 Meanwhile, on or about November 26, without notice to Ms. Jones and Ms. Mertens's counsel, HCOW presented a stipulation and proposed order of dismissal to the trial court. On November 27, again without notice to counsel of record for Ms. Jones or Ms. Mertens, the trial court dismissed the case with prejudice.

¶10 On January 17, 2008, this court granted Ms. Jones's pro se motion to dismiss her appeal of the order on partial summary judgment. After receiving notice of the dismissal, counsel for the putative class filed a motion to intervene in the trial court. This motion did not identify any specific individuals who were trying to intervene. The trial court requested proof that Mr. Lavitt had signed representation agreements *before* November 27, when the case was dismissed.

¶11 In his declaration, Mr. Lavitt states that he learned about the order of dismissal on February 11, 2008, the date that five members of the putative class moved to intervene. On February 22, Mr. Lavitt filed, on behalf of the putative class, a motion to vacate the order of dismissal. The putative class members' motion to vacate was denied. This appeal follows.

## ANALYSIS

¶12 *Motion To Vacate—CR 60(b)*. Under CR 60(b), a party or his or her legal representative may have a final

order vacated for a variety of reasons, including "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order" or for "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(1), (11). Reviewing courts apply an abuse of discretion standard when considering a trial court's ruling on a CR 60(b) motion. *State v. Santos*, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985). Discretion is abused where it is exercised on untenable grounds or for untenable reasons. *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990).

¶13 An irregularity for purposes of CR 60(b)(1) has been defined as "the want of adherence to some prescribed rule or mode of proceeding; and it consists either in the omitting to do something that is necessary for the due and orderly conducting of a suit, or in doing it in an unreasonable time or improper manner." *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978).

¶14 *Notice to Ms. Jones and Ms. Mertens's Attorney*. The putative class asserts that an irregularity occurred when Mr. Lavitt was not served with the stipulation and order of dismissal. The order of dismissal was entered on November 27. Under CR 71(c)(1), a waiting period of at least 10 days is required before withdrawals are effective. Here, the notices of withdrawal took effect December 3 and December 4, 2007. The putative class maintains that Mr. Lavitt did not learn of the dismissal of the case until February 11, 2008, after the motion to intervene was filed.

¶15 The question presented is whether Mr. Lavitt was counsel of record and should have been served with the stipulation and proposed order of dismissal. We answer affirmatively.

¶16 CR 71 and RCW 2.44.050 consider the withdrawal of counsel. RCW 2.44.050 reads:

When an attorney is changed, as provided in RCW 2.44.040, *written notice of the change,* and the substitution of a new attorney, or of the appearance of the party in person, *must be*

*given to the adverse party; until then, he shall be bound to recognize the former attorney.*

(Emphasis added.)

¶17 RCW 2.44.050 has no time limit and deals only with the notice received by the adverse party when counsel is changed. This provision states that the adverse party is "bound to recognize the former attorney" until he or she receives written notice. RCW 2.44.050.

¶18 HCOW asserts that RCW 2.44.050 is applicable because HCOW's counsel received written notice that Ms. Jones and Ms. Mertens had terminated Mr. Lavitt's representation prior to the entry of the stipulation and order. HCOW maintains that it was bound to recognize Mr. Lavitt only until HCOW received written notice of the change.

¶19 In making its argument under RCW 2.44.050, HCOW ignores the effect of CR 71, which also governs the withdrawal of an attorney. Under CR 71(a), "[s]ervice on an attorney who has appeared for a party in a civil proceeding shall be valid to the extent permitted by statute and rule 5(b)[1] only until the attorney has withdrawn in the manner provided in [CR 71]." As such, CR 71 performs a different task than RCW 2.44.050, and CR 71 is applicable here.

¶20 Specifically, CR 71 sets forth the procedure to withdraw and the effective date of that withdrawal for purposes of service. Under CR 71(c)(1), the withdrawing attorney

> shall file and serve a Notice of Intent to Withdraw on all other parties in the proceeding. The notice shall specify a date when the attorney intends to withdraw, which date shall be at least 10 days after the service of the Notice of Intent to Withdraw. The notice shall include a statement that the withdrawal shall be effective without order of the court unless an objection to the withdrawal is served.

---

[1] Under CR 5(b)(1), whenever service is required upon a party represented by an attorney, the service is to be made upon the attorney unless the court orders otherwise. On November 26, 2007, HCOW's and Ms. Mertens's stipulation and order of dismissal was presented to the trial court. CR 5(b)(1) requires that this stipulation and order of dismissal should have been served on the attorney of record, Mr. Lavitt. *See Collins v. Lomas & Nettleton Co.*, 29 Wn. App. 415, 418, 628 P.2d 855 (1981).

¶21 Contrary to the assertions of HCOW, CR 71 also applies when an attorney withdraws.[2] Where RCW 2.44-.050 focuses on the notice given to opposing counsel, CR 71 focuses on the effectiveness of the attorney's withdrawal. Importantly, CR 71 makes no distinction between whether the withdrawal was initiated by the attorney or whether the withdrawal was initiated, as here, by the client. CR 71(c)(2) provides that prior to obtaining service on the other parties, the notice of intent to withdraw must be served on the individuals represented by the withdrawing attorney.

¶22 CR 71(c)(1) also provides that the attorney must specify a date for the withdrawal to become effective that is at least 10 days after service of the notice of intent to withdraw. RCW 2.44.050 states that opposing counsel must recognize the withdrawing attorney until notice of withdrawal is received. Reading CR 71 and RCW 2.44.050 together, the withdrawal is effective on the date specified in the notices of intent to withdraw—here, December 3 and 4, 2007—several days after the stipulation and order of dismissal were entered. Until those dates, Mr. Lavitt was counsel of record and was entitled to be served with the stipulation and proposed order of dismissal.

¶23 *Prejudice*. Significantly, when CR 71 is applicable, strict compliance is unnecessary where no prejudice is shown. *Lockhart v. Greive*, 66 Wn. App. 735, 742, 834 P.2d 64 (1992). In *Lockhart*, the withdrawing attorney did not comply with CR 71. But the court found no prejudice because the ability of the new attorneys to proceed had not been impeded and the client did not indicate that he would have filed a written objection to the withdrawal if he had received a notice of withdrawal and substitution. *Id.* at 741-42.

¶24 Here, prejudice was shown. The putative class was prejudiced by HCOW's failure to serve the stipulation and

---

[2] There are no Washington cases explaining how CR 71 and RCW 2.44.050 operate together. Karl B. Tegland states, "CR 71 supplements RCWA 2.44.040 and RCWA 2.44.050. The rule is consistent with the statutes and was probably not intended to supersede them." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 71 author's cmt. 1, at 657 (5th ed. 2006).

proposed order of dismissal on Mr. Lavitt. In his declaration, Mr. Lavitt states that had he known of the proposed order of dismissal, he would have filed a motion to intervene. However, because Mr. Lavitt was unaware of the dismissal of the case, he was unable to file a motion to intervene on behalf of the putative class. Mr. Lavitt also asserts that putative class members were prejudiced by potential loss of back pay.

¶25 HCOW argues that there was no prejudice because Mr. Lavitt knew that his representation of Ms. Mertens and Ms. Jones was terminated and that they had reached a settlement with HCOW. CR 23(e) provides as follows:

> **Dismissal or Compromise.** A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

¶26 And courts have held that a suit filed as a class action under Federal Rule of Civil Procedure (FRCP) 23(e)[3] must be treated as a class action for purposes of dismissal or compromise until class certification is resolved. *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (adopting the majority approach that cases with class allegations must be treated as class actions until granted certification); *John Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 764 (6th Cir. 2005) ("We therefore adopt the view of the majority of the circuits that Rule 23(e) applies in a precertification context where putative class members are likely to be prejudiced."); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764-65 (8th Cir. 2001) (finding FRCP 23(e) applicable in precertification context); *see also* Annotation, *Notice of Proposed Dismissal or Compromise of*

---

[3] Washington courts regard federal cases interpreting the analogous FRCP 23(e) as "highly persuasive." *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 188, 35 P.3d 351 (2001). Congress amended FRCP 23(e) in 2003 to state that " '[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified class.*' " *Moody v. Sears Roebuck & Co.*, 191 N.C. App. 256, 265 n.3, 664 S.E.2d 569 (2008). The cases discussed here apply the earlier version of FRCP 23(e), which is similar to CR 23(e).

*Class Action to Absent Putative Class Members in Uncertified Class Action Under Rule 23(e) of Federal Rules of Civil Procedure*, 68 A.L.R. FED. 290, § 3 (1984).

¶27 In *Diaz*, the Ninth Circuit adopted the rule that FRCP 23(e) applies before class certification. *Diaz*, 876 F.2d at 1408. The court concluded that when approving a dismissal, a trial court "must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* The Ninth Circuit noted that notice to the putative class was not required in all circumstances but that "[v]ery few cases involving a voluntary pre-certification dismissal have actually held notice not required." *Id.* at 1411. The court concluded that the trial court erred by dismissing all of the claims without requiring notice to the putative class. The court vacated the dismissal and allowed intervention. *Id.*

¶28 In *Doe*, the Sixth Circuit determined that the district court must determine whether to allow dismissal or issue notice to the putative class. The Sixth Circuit explained that failure to provide notice is justified only where there is no prejudice and collusion. *Doe*, 407 F.3d at 761. According to *Doe*, the rule adopted by most federal courts is addressed in the following excerpt:

> "[M]ost requests for voluntary dismissals of representative suits are made before there has been any class ruling. Whether a voluntary dismissal in these circumstances is sought in connection with a proposed settlement of claims of the individual plaintiff only or in a nonsettlement context, most courts have stressed the need under Rule 23(e) to examine *whether any prejudice to the class will result if the dismissal of the action is allowed without class notice.*"

*Id.* at 762 (alteration in original) (quoting ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 11:72 (4th ed. 2002)).

¶29 We adopt the majority rule as expressed in *Diaz*. Applying *Diaz*, the putative class, as represented by counsel, was entitled to notice.

¶30 *Conclusion*. The trial court abused its discretion by denying the motion to vacate. HCOW failed to serve counsel of record, Mr. Lavitt, with the notice of the stipulation and order of dismissal. We reverse the denial of the motion to vacate. We also remand for consideration of the appellants' motion to intervene.

SCHULTHEIS, C.J., and BROWN, J., concur.

Reconsideration denied December 28, 2009.

Review denied at 169 Wn.2d 1002 (2010).